PER CURIAM.
We have for consideration the biennial report of The Florida Bar Workers’ Compensation Rules Committee (the committee) proposing rules changes in accordance with Florida Rule of Judicial Administration 2.130(c). We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c)(3), the proposed changes were submitted to the Board of Governors of The Florida Bar for approval, and the Board unanimously approved the changes. The proposals were published in The Florida Bar News and comments were invited; one comment was received. After reviewing the petition and considering the comment filed, we adopt all of the committee’s proposed changes.
The committee proposes changes to many of the current Florida Rules of Workers’ Compensation Procedure and also proposes a number of new rules and forms. We amend rules 4.010, 4.020, 4.024, 4.025, 4.026, 4.027, 4.028, 4.029, 4.030, 4.065, 4.105, 4.115, 4.141, 4.143, 4.155, 4.310, 4.350, 4.360, 4.370, 4.380, forms 4.901, 4.9075, 4.9085, 4.910, 4.911, 4.912, 4.9125, 4.915, 4.916, and adopt new rules and forms 4.1435, 4.9086, 4.9087, 4.917, and 4.918 to reflect statutory changes to chapter 440, Florida Statutes, governing workers’ compensation, that were made during the 2001 legislative session. See ch.2001 91, §§ 7-29, ch.2001-158, §§ 48^9, Laws of Fla.
We further approve the following rule amendments and adopt the following new forms that are not based on the 2001 statutory changes.
Rule 4.010, General Provisions, is amended to remove the reference to the First District Court of Appeal from this rule. The reference is no longer necessary since the appellate portion of the rules has been removed to the Florida Rules of Appellate Procedure.
Rule 4.020, Definitions, is amended to strike references to the clerk and the First District Court of Appeal because these rules no longer deal with appellate issues (i.e., appeal of workers’ compensation cases is addressed in the Florida Rules of Appellate Procedure).
Rule 4.055, Discovery, is amended to provide that when a deposition is taken by telephone the parties can waive the presence of the notary public with the deponent on the agreement of the parties. This amendment addresses the situation where the notary cannot be present with the witness, and both parties wish to proceed without a notary and waive any objection that would arise from this situation.
Subdivision (e)(1) of rule 4.075, Prosecution of Claim and Petition for Benefits before Judge, is amended to delete payment of compensation and provision of medical care from the list of actions that can be taken to avoid dismissal of a case *792 for lack of prosecution. Under the existing rule, the payment of benefits that may or may not be related to the matters at issue prevents the dismissal of a petition for lack of prosecution. The amended rule limits the determination of whether the case is being prosecuted to the remaining, litigation-specific actions provided for. in the rule (e.g., requesting a hearing, filing a pleading, or the entry of an order by the judge). Rule 4.075 is further amended to provide that when testimony is taken by telephone the parties can waive the presence of the notary public with the witness on the agreement of the parties.
Each of the three contracts in Form 4.903, Contract of Representation, Power of Attorney, Trust Agreement, and Motion, is amended to advise claimants that certain liens arise as a matter of law that may attach to the proceeds of any workers’ compensation claim. The contract provided under subdivision (b),”Form of Agreement for Accidents Occurring on or after October 1, 1989, and before January 1, 1994,” now reflects that attorney fees may be payable by the carrier when payment is not made within twenty-one days of the filing of a petition with the Office of the Judges of Compensation Claims. The contract provided under subdivision (c),”Form of Agreement for Accidents Occurring on or after January 1, 1994,” now reflects that attorney fees may be payable when the carrier files a response with the Office of the Judges of Compensation Claims denying the benefits claimed either in whole or in part.
New Form 4.9086, Motion to Substitute Private Mediation for Mandatory State Mediation, is created to provide a standard motion for use when the parties agree to substitute mediation with a private mediator for mediation with a state mediator. It provides that all other terms of the original order remain in place. This allows one party to submit the motion on behalf of both parties and sets forth the date and time of the substituted mediation. It also provides for service of a copy of the motion on the private mediator.
New Form 4.9087, Order and Notice of Substituted Private Mediation, is to be used to grant relief sought by the motion set forth in form 4.9086 and provides that other than the mediator and the date and time of mediation, all the requirements of the rules and statutes regarding mediation remain in force. It provides for reporting of the results of mediation by the private mediator to the presiding judge of compensation claims.
In Form 4.910, Uniform Pretrial Stipulation and Pretrial Compliance Questionnaire, under subdivision (a), section V of the form, titled “Pretrial Order,” item 2 is amended as follows: “On the motion of one or more parties, all medical reports of authorized physicians treating health care providers exchanged at the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing and filed with the judge accordingly are admitted into evidence.” The purpose of this amendment is to differentiate between a doctor who actually treats the claimant, whose records would be admissible by motion, and an examining physician whose records are not admissible by motion. Further, the location by city and county where the order is entered is removed from the form and “in chambers” is substituted.
Form 4.912, Notice of Estimated Cost of Preparation of Record on Appeal, is amended to reflect the deletion of the rule regarding appeals from the Rules of Workers’ Compensation Procedure.
Accordingly, we amend the Florida Rules of Workers’ Compensation Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by *793 struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2003, at 12:01 ami.[1]
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.

APPENDIX

FLORIDA RULES OF WORKERS’ COMPENSATION PROCEDURE
PART I. TRIAL PROCEEDINGS
RULE 4.010. GENERAL PROVISIONS
These rules, adopted with the authority of sections 440.271 and 440.29(3), Florida Statutes, shall govern all workers’ compensation proceedings before the judges of compensation claims and in the District-Court of Appeal, — First District.
These rules shall be cited as Florida Rules of Workers’ Compensation Procedure and may be abbreviated Fla. R. Work. Comp. P.
Committee Notes
1979 Adoption. This replaces rule 1, W-C.R.P. There is no substantive change except to the changed title of trial forum from “judge of industrial claims” to “deputy commissioner,” and “industrial relations commission” to “District Court of Appeal, First District.”
1992 Amendment. The rules are amended throughout to reflect the change in the title “deputy commissioner” to “judge of compensation claims.”
1996 Amendment. Editorial changes only.
RULE 4.020. DEFINITIONS
The following definitions apply to all workers’ compensation proceedings.
(a) “Carrier” means any licensed insurance carrier, self-insured employer, self-insurance fund, or pool providing workers’ compensation insurance coverage under chapter 440, Florida Statutes, and includes the servicing agents of self-insureds.
(b) “Chief judge Deputy chief judge” means the chief judge of compensation claims deputy chief judge appointed by the Governor, serving in the Department -of ■Labor-and Employment Security Office of the Judges of Compensation Claims within the Department of Management Services, Division of Administrative Hearings under chapter 440, Florida Statutes.
(c) “Claim” means any element of a petition for benefits or other entitlement for which judicial relief is sought. A claim not contained in a petition for benefits may be made only under rule 4.025.
(d) “Clerk” means the clerk of the Dis-trictrUourt of Appeal, First District.
(ed) “Department” means the Florida Department of Labor and Employment Security Management Services, Division of Administrative Hearings.
(f) “District Court” means the District Court of Appeal, First DistrieL
(ge) “Division” means the Division of Workers’ Compensation of the Florida Department of Labor and Employment Security.
*794 (h) “Pocketing judge” means one or more judges designated-by the chief judge pursuant to section 440.45(3),■ -Florida Statutes
(if) “EAO” means the Employee Assistance and Ombudsman Office created by section 440.191, Florida Statutes.
(j-g) “Facsimile” means the electronic transmission of documents by electronic signal that, when received, can be transformed by electronic means and stored on paper, microfilm, magnetic storage device, optical disk, or other storage media.
(kh) “Filing” means delivery to the division^ Office of the Judges of Compensation Claims or the judge, or the clerk-of- the district court as the context of chapter 440, Florida Statutes, or of these rales requires.
(fi) “Forms” means forms incorporated in these rules and promulgated pursuant to chapter 440, Florida Statutes.
(mj) “Impasse” means the parties’, inability to reach a mutually acceptable and voluntary agreement as to any matter at the mediation conference.
(sk) “Informal dispute resolution” means the procedure established by section 440.191, Florida Statutes.
(&l) “Joint petition” means a pleading filed jointly by the parties seeking approval of the stipulation in which the claimant receives a lump-sum payment of past or future benefits, or a combination of both, or a release of a lien against a third party, in exchange for releasing the carrier from liability for certain benefits as allowed under section 440.20(ll)(a)-(b), Florida Statutes.
(pm) “Judge” means judge of compensation claims pursuant to serving in the Office of the Judges of Compensation Claims within the Department of Management Services, Division of Administrative Hearings under chapter 440, Florida Statutes.
(qn) “Mediation agreement,” also known as a “mediation settlement agreement,” means a mutually acceptable and voluntary written or recorded agreement reached by the parties at a mediation conference, with the assistance of a mediator, resolving completely or partially a workers’ compensation dispute or claim.
(no) “Mediation conference” means an informal, nonadversarial negotiation or settlement conference attended by the interested parties and supervised and conducted by a mediator.
(sg) “Mediator” means the person who conducts a mediation conference.
(q) “Office of the Judges of Compensation Claims” is the office within the Department of Management Services, Division of Administrative Hearings where the deputy chief judge and judges of compensation claims preside.
(tr) “Parties” include the employee, claimant, employer, carrier, health care provider, and division.
(us) “Petition for benefits” means a pleading meeting, specifically but not limited to, the requirements of sections 440.192(l)-(4), Florida Statutes, that invokes the jurisdiction of the judge.
(vt) “Petitioner” or “claimant” means any person making a claim. A “petitioner” or “claimant” is a party within the meaning of these rules.
(wu) “Pleading” means any paper or document filed under these rales invoking the jurisdiction of or seeking relief from the judge or any court under chapter 440, Florida Statutes. The request for assistance or other contact with the EAO is not a pleading that invokes the jurisdiction of the judge.
(xv) “Procedural motion” means a motion relating to procedure or discovery that does not seek adjudication of entitle *795 ment to benefits. Motions that do not seek adjudication of entitlement to benefits and are based upon stipulated facts requiring no other evidence also shall be treated as procedural motions.
(yw) “Request for assistance” means the initiation of the informal dispute resolution procedure established by section 440.191, Florida Statutes.
(zx) “Verified pleading” means a pleading the facts of which are attested to under oath.
Committee Notes
1979 Adoption. These definitions adapt to the 1979 legislation by which, for instance, the Bureau of Workmen’s Compensation was upgraded to a Division [of Workers’ Compensation]. This replaces rule 2,1977 W.C.R.P.
1988 Amendment. This rule is revised to include definitions of “carrier” (to include self-insureds and servicing agents) and “claimant” (to include any party with standing to bring a claim under chapter 440, Florida Statutes).
1996 Amendment. Many new definitions were added and the list was alphabetized.
RULE 4.024. REPRESENTATION AND APPEARANCE OF COUNSEL
(a) Appearance of Counsel. An attorney who undertakes representation of a party in a workers’ compensation matter shall file promptly a notice of appearance and serve copies to all parties including counsel of record. The notice of appearance shall be one page in length, bear the style and caption provided in form 4.901, and include the name, address, telephone number, and Florida Bar number of counsel.
The following shall suffice as notice of appearance:
(1)the service by the claimant’s attorney of the order approving the contract of representation under rule 4.023;
(2) the filing of a notice of appearance with the division Office of the Judges of Compensation Claims if no claim, application for hearing, request for assistance, or petition has been filed; and
(3) the filing of a notice of appearance with the presiding judge after a claim, application for hearing, request for assistance, or petition has been filed.
(b) Substitution of Counsel. Co-counsel or any successor attorney shall file a notice of appearance in accordance with the rules. Substitution of counsel may be made:
(1) by the filing and service of a stipulation, which does not require the approval of the judge;
(2) by motion, which requires approval of the judge.
(c) Withdrawal of Counsel. An attorney of record shall remain attorney of record and not be permitted to withdraw unless:
(1) the attorney files a written motion for withdrawal setting forth the reasons for the motion;
(2) the motion is served on the client and counsel for all parties; and
(3) an order is entered granting the motion of withdrawal.
(d) Hearing. If requested by any party, or on the judge’s own motion, a hearing may be held to protect the rights of all parties.
(e) Order. The judge may, without a hearing, enter an order substantially the same as form 4.907.
Committee Notes
1996 Adoption. This replaces rule 4.060 and further clarifies existing procedure as to appearance and substitution of counsel.
*796 RULE 4.025. CLAIMS NOT CONTAINED IN PETITION
(a) Generally. Claims not contained in a petition shall be filed with the division deputy chief judge, Office of the Judges of Compensation Claims, at its office in Tallahassee and served under rale 4.030. Claims shall be subject to adjudication by the a judge or-reviewing-court but shall not be subject to the informal dispute resolution process or specificity review by the docketing judge. Claims shall be limited to the following subjects:
(1) Modification of Prior Compensation Order. Application for modification of an order under section 440.28, Florida Statutes, shall be substantially in the form of a petition under section 440.192(2), Florida Statutes, and shall include a request for a hearing. Adjudication shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(2) Claim for Reimbursement from Special Disability Trust Fund. A claim for reimbursement from the Special Disability Trust Fund filed under section 440.49(7), Florida Statutes, shall be made under the administrative rules promulgated by the division. Adjudication of such a claim shall be in the manner provided in rales 4.045, 4.075, and 4.085.
(3) Claims against Third Parties. The employer or its carrier may at any time file a claim seeking reimbursement, contribution, indemnification, or exoneration from any third party. Adjudication of such a claim shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(4) Claims Limited to Attorney Fees and/or Taxable Costs. Claims limited to attorney fees and/or taxable costs when benefits have been paid previously and provided or awarded shall be handled under rule 4.144.
(5)Substantive Motions. Substantive motions shall be governed as provided by rule 4.065(a).
(b) Consolidation of Claims. On the judge’s own motion, or on the motion of any party, the judge may consolidate any of the aforementioned claims, except for a claim for reimbursement from the Special Disability Trust Fund referred to in subdivision (a)(2), with any pending petition for the purpose of a hearing or for any other purpose.
Committee Notes
1996 Adoption. This rule defines the types of claims not included in a petition for benefits filed under section 440.192, Florida Statutes, that bypass the request-for-assistance process in section 440.191(2)(a), Florida Statutes, and the docketing judge’s review under section 440.45(3), Florida Statutes.
2000 Amendment. Subdivision (5) was added to (a) to clarify that substantive motions under rale 4.065(a) are filed with the division when there is no petition pending with the judge of compensation claims. If a petition is pending with the judge of compensation claims, the motion should be filed with the presiding judge.
RULE 4.026. EXEMPTIONS FOR COLLECTIVE BARGAINING AGREEMENTS
If authorized by a collective bargaining agreement filed with the division under section 440.211, Florida Statutes, the informal dispute resolution process, or review by-the docketing judge, or adjudication by a judge may be replaced by an alternative dispute resolution system that may supplement, modify, or replace the provisions of chapter 440, Florida Statutes.
Committee Notes
1996 Adoption. This rule recognizes an alternative dispute process other than that expressed in chapter 440, Florida Statutes.
*797 RULE 4.027. VENUE
(a) Generally. Venue shall be governed by section 440.25(4)(d), Florida Statutes.
(b) Consolidated Petitions. If a party’s entitlement to benefits arises or may arise from two or more accidents in different venues against one or more employer/carriers, the party may file a consolidated petition or claim against both or all employer/carriers. Venue shall be determined by order of the deputy chief judge or by agreement of the parties.
(c) Motion. A motion for consolidation shall be made to a the presiding judge who shall forward the motion to the deputy chief judge for determination.
Committee Notes
1996 Adoption. This rule intends to avoid the confusion as to the proper venue when there are two or more accidents in different venues involving the same or different employer/carriers.
RULE 4.028. PETITION FOR BENEFITS
(a) Generally.
(1) Service. A petition under chapter 440, Florida Statutes, shall be served filed by certified mail, or by electronic means approved by the deputy chief judge upon the employer, carrier, and the división Office of the Judges of Compensation Claims in Tallahassee. Counsel for each party and any unrepresented party shall be served under rule 4.030. Upon receipt of the petition, the division deputy chief judge shall forward it — immediately refer the petition for benefits to the presiding docketing -judge judge of compensation claims pursuant to section 440.192(2X1), Florida Statutes.
(2) Form. A petition shall meet the specificity requirements of sections 440.192(2) and (3), Florida Statutes, shall include a request for a hearing, and shall be in substantial compliance with the forms of these rules. The judge may request the EAO to assist unrepresented employees in filing a petition, as provided in section 440.192(2), Florida Statutes.
(3) Notice. A petition shall contain the fraud notice contained in section 440.105(7), Florida Statutes, and shall personally be signed and attested to by the petitioner.
(4) Certificate of Good Faith Effort. A petition must include a certificate by the claimant or, if the claimant is represented by counsel, by the claimant’s attorney stating the claimant or attorney has made a good-faith effort to resolve the dispute and the claimant or attorney was unable to resolve the dispute with the carrier.
(5) Certificate of Completion of Informal Administrative Remedies. A petition shall also include a certificate that one of the following has occurred:
(A) The informal dispute resolution process required by section 440.191, Florida Statutes, has been concluded.
(B) The EAO has declined to consider the matter.
(C) The parties were unable to resolve the dispute within 30 days after a request for assistance was made to the EAO.
(D) If medical care is being provided to the employee through managed care and the petition includes a claim for medical care under section 440.13(2)(a) and (b), Florida Statutes, the certificate must indicate that the grievance procedures required by section 440.134(15), Florida Statutes, were exhausted before filing the petition under section 440.192(3), Florida Statutes.
(b) Amended Petition for Benefits. A petition cannot be amended except by stipulation of the parties and approval by the judge. Such an amended petition shall not be subject to the informal dispute process *798 or review by the docketing-judge presiding judge.
(c) Employer/Carrier Petition for Benefits. The employer or carrier may file a petition seeking an adjudication of any issue.
(d) Consolidation. Successive petitions may be consolidated by the judge on his or her own motion or on the motion of any party for purposes of any proceeding under chapter 440, Florida Statutes.
Committee Notes
1996 Adoption. Replaces rules 4.050 and 4.070. This rule is intended to standardize the form for a petition for benefits and the preparation of such forms by counsel resulting from the 1993 amendments to chapter 440, Florida Statutes. The request or application for hearing is now incorporated in the petition and no longer is a separate pleading.
The grievance procedures referred to in subdivision (a)(5)(D) are the procedures required by section 440.134(15), Florida Statutes, and not chapter 120, Florida Statutes.
RULE 4.029. REVIEW BY DOCKETING-JUDGE OF PETITION
(a) Generally. After receiving the petition, the division deputy chief judge shall immediately forward the petition immediately and all attachments filed with or received by the division Office of the Judges of Compensation Claims to the docketing judge presiding judge of compensation claims.
(b) Review. After receiving the petition feom-fee- division, the docketing judge shall promptly r-evievMdie Upon receipt, the Office of the Judges of Compensation Claims shall review each petition and attachments to determine if the requirements of sections 440.192 and 440.32(3), Florida Statutes, have been met and the matters in dispute have been acted on- by the EAO.
(c) Dismissal of Petitions Without Prejudice. If the issues raised in the petition do not meet the requirements of sections 440.192(2)-(4), Florida Statutes, or fee-petitioner did- not exhaust the EAO administrative — remedies, the docketing judge Office of the Judges of Compensation Claims shall, or the presiding judge of compensation claims may, upon their own motion or the motion of any party, summarily dismiss the petition or any portion of such a petition without prejudice wife leave to amend within 30 days. The claimant must be allowed 20 days after the date of the order of dismissal in which to file an amended petition. The dismissal of any petition or portion of such petition under this section does not require a hearing.
(d) Dismissal of Petitions With Prejudice. If the petition does not meet the requirements — of- sections — 440.192(2)-(4), Florida Statute»;- and these rules, and U the judge intends to dismiss the petition with prejudice, the judge must conduct a hearing on the matter may-do-so only after first giving the parties areasonable-oppor-tu-nity -to-be heard 5 days’ written notice.
(e) Extension of Mediation, Pretrial, and Final Hearing Deadlines. If the judge intends to dismiss the petition with prejudice-fee-judge must conduct a hearing on the matter after giving the parties 5 days’ written notice. The-parties may appear by telephone-at any-such hearing-in accordance with procedures — established under these rules for telephone hearings. Statutorily mandated mediation, pretrial, and final hearing deadlines shall be extended if a hearing under this subdivision rule is required.
(-£)■ Petition that Meets Statutory Requirements, — If the docketing judge determines-the petition-meets-all statutory requirements, the judge shall- so indicate and immediately forward -fee petition to *799 the appropriate district. — Judge -of-Com-pensatioa- ClaimsT,
Committee Notes
1996 Adoption. The docketing judge’s ruling on specificity under section 440.192, Florida Statutes, or on the issue of whether the allegations contained in the petition were well grounded as required under section 440.32(3), Florida Statutes, is not a final determination on either issue. Subject to the time limitations of section 440.192(5), Florida Statutes, a motion to dismiss for lack of specificity or for failure to exhaust EAO remedies may be filed with the presiding judge. The same is true for a motion to strike or dismiss the petition for lack of an appropriate signature or for a motion to impose a sanction under section 440.32(3), Florida Statutes. RULE 4.030. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or provided by these rules or chapter 440, Florida Statutes, any pleading or other papers filed in proceedings shall be served on each party.
(b) Method of Service.
(1)How Service Is Made. Delivery of a copy within this rule shall mean
(A) handing it to the attorney or party;
(B) leaving it at the attorney’s office with a clerk or other person in charge thereof, or if there is no one in charge, leaving it in a conspicuous place therein;
(C) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with a member of the person’s family above 15 years of age and informing such person of the contents;
(D) placing it in the United States mail; or
(E) transmitting it by facsimile. Service by delivery or by facsimile after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(2) Service by Mail.
(A) When service is made by mail, the copy shall be mailed by United States mail, postage prepaid, to the last known address of the party or attorney. Petitions must be sent by certified mail.
(B) Service by mail shall be complete upon mailing.
(C) Except for a petition, when service is made by mail, 5 days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. This does not apply to filing requirements for institution of appellate proceedings or notices of hearings.
(3) Service by Facsimile Device.
(A) When a facsimile device is used, a cover sheet or its equivalent providing the sender’s name and telephone number shall be included and a copy of the document shall be sent simultaneously to the recipient by mail.
(B) The sending party shall retain proof of the transmission.
(C) Delivery shall be complete on transmission of a complete facsimile of the document.
(4) Service or Filing by Electronic Means.
(A) When service or filing is made by electronic means approved by the deputy chief judge, the document must be served as provided by Fla. R. Jud. Admin. 2,090.
(B) The sending party shall retain proof of the transmission.
(e) Certificate of Service. When required, any attorney or unrepresented party shall certify in substance:
*800 “I certify that a copy has been furnished to .... (name or names and address or addresses).by .... (method of delivery).on.(date).
Attorney (or unrepresented party)” The certificate shall be taken as prima facie proof of such service in compliance with these rules.
(d) Subpoenas. Issuance, service, and proof of service of subpoenas of the judge of compensation claims shall be in the form and manner provided by the Florida Statutes and the Florida Rules of Civil Procedure.
Committee Notes
1979 Adoption. This replaces rule 2(h), 1977 W.C.R.P., which merely provided “ ‘Service’ shall be as provided in the Florida Rules of Civil Procedure.”
Subdivision (c) replaces rule 3(b), W.C.R.P.1977. The caveat to the filing of appellate proceedings is to warn of the jurisdictional nature of section 440.25(4)(f), Florida Statutes (1979), which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)-(e) shall apply only until September 30, 1979.
1984 Amendment. Clarifies rules 3(c) and 8(a) by specifically excluding 15 day hearing notice from operation of rule 3(c).
1988 Amendment. This rule is not intended to confer standing to sue on any person not accorded such standing by Florida Statutes.
1996 Amendment. Further clarifies method of service of pleadings and specifically includes service by facsimile device.
RULE 4.055. DISCOVERY
(a) Jurisdiction. The" judge shall have jurisdiction to take appropriate action to compel discovery, including the imposition of sanctions and, as circumstances warrant, may enlarge or shorten the applicable time for complying with discovery.
(b) When Discovery May Be Had. Discovery under this rule may be had before or after the filing of a claim or petition, in the same manner and for the same purpose as provided in the Florida Rules of Civil Procedure or section 440.30, Florida Statutes. At the pretrial hearing, the judge shall set a date for the final hearing that allows the parties at least 30 days to conduct discovery unless the parties consent to an earlier hearing date.
(c) Types of Discovery Not Permitted. Interrogatories, requests for admission, and other forms of discovery not authorized by these rules shall not be permitted or used in workers’ compensation proceedings.
(d) Depositions.
(1) Depositions of witnesses or parties may be taken and used in proceedings under chapter 440, Florida Statutes, in the same manner and for the same purposes as provided in the Florida Rules of Civil Procedure or as otherwise provided by law.
(2) For good cause shown, the judge may require taking a deposition by telephone.
(3) If a deposition is taken by telephone, the oath shall be administered in the physical presence of the witness by a notary public or officer authorized to administer oaths unless the physical presence of the notary public or officer is waived by the parties. A certificate of the notary public or officer, substantially the same as form 4.9105, shall be filed by the *801 party offering the witness’s deposition within 15 days.
(e) Production of Documents and Entry on Land.
(1) The parties shall be subject to discovery procedures seeking the production of records or other tangible things, including, but not limited to, all hospital and medical records pertaining to the industrial accident, all rehabilitation reports, all records pertaining to the claimant’s average weekly wage at the time of the accident or earnings made subsequent to the industrial accident, and a transcript of any recorded statements of a party.
(2) The parties shall be subject to discovery procedures seeking entry on land or other property for inspection or other purposes within the scope of discovery.
(3) The parties shall have 30 days to serve a written response after service of any request under this rule.
(f) Production of Documents from Nonparties. The parties may seek the production of documents and other tangible things within the scope of discovery for inspection and copying from a person who is not a party pursuant to applicable Florida Rules of Civil Procedure, except that the time for objection to production of documents under this rule is reduced to 5 days.
(g) Surveillance. The evidence of any investigator, adjuster, or other witness in the nature of surveillance shall be subject to discovery when such evidence will be used at trial, provided the party intending to use such evidence is first given a reasonable opportunity to depose the party or witness who is the subject of the surveillance.
Committee Notes
1996 Adoption. Replaces rule 4.090. Provides for deponent’s oath when deposition taken by telephone. Limits objection to notice of production from nonparty to 5 days, rather than 10 days as required by Florida Rule of Civil Procedure 1.351.
RULE 4.065. MOTION PRACTICE
(a) Substantive Motions. A motion relating to the adjudication of entitlement to benefits, including, but hot limited to, motions to vacate orders for lump-sum advances, motions for advances -under sections 440.20(12)(c)2 and 440.20(12)(d), Florida Statutes, appeals of administrative fines or penalties under section 440.106, Florida Statutes, motions for appointment of guardians, motions to appoint expert medical advisors under section 440.13, Florida Statutes, requests for imposition of sanctions under these rules, motions to disqualify a judge or a mediator, motions to recuse counsel, motions to correct the appellate record, and motions to appoint independent medical examiners under section 440.13, Florida Statutes, shall be filed and handled in the manner as provided for a claim in rule 4.025, except the motion shall be filed with the presiding judge in cases where a petition is pending.
(b) Procedural Motions.
(1) Procedural motions include, but are not limited to, motions to consolidate, motions related to discovery, motions to dismiss for lack of prosecution, motions to dismiss for lack of specificity, motions to amend pretrial stipulations, motions for a continuance, motions to compel, motions for protective orders, motions to bifurcate the issues, and motions in limine. Procedural motions shall be heard on not less than 5 days’ written notice. The judge may require the moving party to serve written notice of the hearing on opposing counsel. No pretrial hearing shall be required.
(2) A procedural motion shall set forth in detail the facts giving rise to the motion, its legal basis, and the specific relief sought. Any documents relied on *802 should be specifically referenced and attached.
(c) Contents.
(1) All motions shall contain a certificate of counsel that the motion is made in good faith and not for the purpose of delay.
(2) All motions, other than motions to dismiss for lack of prosecution under rule 4.075(e), shall contain a certificate of counsel that opposing counsel has been contacted in an effort to resolve the matter without a hearing, and despite those efforts, the opposing counsel objects to the motion.
(d) Emergency Motions. All emergency procedural motions shall be identified as such and shall identify the nature of the emergency including time constraints. Emergency procedural motions shall be heard promptly.
(e) Response to Motions. A written response to a contested motion is not required. If a written response is made, it shall specifically state the basis for the objection.
(f) Hearing Location. Unless the moving party obtains prior approval of the judge, all procedural motions shall be heard at the office of the judge. If the judge allows telephone appearances, the party wishing to appear by telephone shall be responsible to coordinate the appearance of counsel and other necessary participants and to notify the judge.
(g) Notice of Hearing. Notices of hearing shall be prepared and served on the parties under rule 4.030.
(h) Motion Hearing at Pretrial Hearing. Motions may be heard at pretrial hearing in accordance with rule 4.045.
(i) Motions Seeking Affirmative Relief. Judges, at their own discretion, may treat any motion seeking affirmative relief or the adjudication of entitlement to any benefits in the manner provided for a claim or petition under these rules.
(j) Motions to Dismiss.
(1) In addition to meeting the requirements of subdivision (a), all motions to dismiss must state with particularity the basis for the motion. The judge shall enter an order on such motions without a hearing7 unless good cause for the hearing is shown.
(2) Notwithstanding the — entry—of a docketing-order-under rule 4 .(^transmission of a petition for benefits from the deputy chief judge to the presiding judge, any motion to dismiss for lack of specificity must be filed pursuant to section 440.192(5), Florida Statutes, and comply with the requirements of subdivisions (a) and (b) of this rule. The motion must be filed within 30 days after receipt of the petition or it is waived.
(k) Motion to Receive Medical Records. All medical records of authorized treating health care providers relating to the claimant and subject accident shall be received into evidence upon proper motion served on the opposing party at the time of the pretrial hearing or no later than 30 days before the final hearing. Such records shall be served with the motion.
Committee Notes
1996 Adoption. This rule clarifies existing procedure in various districts and defines procedural versus substantive motions that may require an evidentiary hearing. Replaces rule 4.140.
The motion to receive into evidence the medical records of authorized treating health care providers may be contained within the Uniform Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order.
2000 Amendment. The Committee notes that although the various motions under this rule have been categorized as either substantive or procedural, there are circumstances, including the agreement of *803 the parties, when substantive motions maybe treated as procedural and procedural motions may be treated as substantive. The latter occurs when evidence must be presented to assure due process rights. The judge has discretion to determine whether and when an evidentiary hearing is necessary. Subdivision (a) was amended to clarify that substantive motions should be treated as a “claim not contained in a petition.” In order to reduce the time for judicial determination, the motion now should be filed with the presiding judge once a petition is pending. A motion to bifurcate the issues was added to the list of procedural motions because of the change in the appellate rules addressing the appeal of nonfinal orders. Finally, it was recognized that the requirement to contact opposing counsel before the filing of a motion to dismiss for lack of prosecution negated the possibility that the petition would be dismissed.
RULE 4.075. PROSECUTION OF CLAIM AND PETITION FOR BENEFITS BEFORE JUDGE
(a) Generally. To protect the interest of any party and to advance the proceedings, the judge may:
(1) sever any issue;
(2) continue a scheduled hearing as to any or all issues;
(3) reserve jurisdiction of any issue;
(4) dismiss any issue without prejudice;
(5) refer any issue to the EAO in the event a petition filed by an unrepresented claimant is found to be nonspecific or a party has failed to exhaust the EAO administrative remedies; or
(6) refer any issue to mediation.
(b) Prosecution of Claim or Petition. After a final hearing has been set, all parties shall diligently prosecute or defend the claim or petition.
(c) Continuances.
(1) Continuances of hearings will not be freely granted and will be granted only upon a showing of good cause. The written consent of the claimant must be obtained before any request is granted for an additional continuance after the initial continuance has been granted.
(2) The judge may cancel or continue a trial on his or her own motion or on the motion of a party if the judge finds that the cancellation or continuance is for good cause and has not resulted from lack of diligence in the prosecution or defense of the petition or claim.
(3) A request for a continuance shall be made by motion or stipulation of the parties and shall specify the reason that the continuance is necessary.
(4) Unless otherwise ordered by the judge, continuance of a trial or pretrial hearing shall automatically extend the time provided for the completion of any subsequent act.
(5) If there is a pretrial stipulation or pretrial order in place and the final hearing is continued, an additional pretrial hearing will not be set unless requested in writing by a party.
(d) Voluntary Dismissal. A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice or stipulation of voluntary dismissal at any time before the final hearing begins, or during the final hearing before the claimant or petitioner rests by stating on the record such notice of voluntary dismissal. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or petition for benefits previously the subject of a voluntary dismissal.
(e) Motion to Dismiss for Lack of Prosecution.
*804 (1) A motion to dismiss for lack of prosecution may be filed if it appears that no action has been taken on any claim or petition by request for hearing, filing of pleading, order of the judge, payment of compensation, provision of-medical care, or otherwise, for a period of one year.
(2) The judge shall serve notice of hearing on the parties by regular mail at their last known address.
(3) The motion to dismiss shall be granted unless a party shows good cause why the claim or petition should remain pending.
(f) Proceedings by Telephone.
(1) The judge may conduct any proceedings permitted under these rules or under chapter 440, Florida Statutes, by telephone conference, provided a means of recording the proceedings is available, if requested by any party.
(2) No live testimony, other than that of an expert witness as defined by the applicable statutes, shall be taken by telephone without the agreement of all parties.
(3) In the event that trial testimony is taken by telephone, the oath shall be administered in the physical presence of the witness, by a notary public or officer authorized to administer oaths unless the physical presence of the notary public or officer is waived by the parties. A certificate of the notary public or officer, substantially the same as form 4.9105, shall be filed by the party offering the witness’s trial testimony within 15 days.
Committee Notes
1996 Adoption. This rule replaces and expands rule 4.110. Subdivision (d) is in response to the First District Court of Appeal pronouncements in Eastern Airlines v. Granese, 631 So.2d 365 (Fla. 1st DCA 1994), and Judge C.J. Kahn’s suggestion in his concurring opinion in Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994), that the Committee examine this subdivision to accurately reflect its intent that voluntary dismissals in workers’ compensation matters conform to Florida Rule of Civil Procedure 1.420(a)(1), as the Committee stated in its 1984 Committee Note to prior rule 4.110.
2000 Amendment. The First District Court of Appeal has stated that the requirements of subdivision (f)(3) may be waived by agreement of counsel. E-Z Serve Convenience Stores, Inc. v. Paul, 720 So.2d 301 (Fla. 1st DCA 1998).
RULE 4.105. EXPEDITED HEARINGS
(a) Generally. If a petition filed in accordance with section 440.192, Florida Statutes, involves a claim or petition of $5,000 or less, excluding attorney fees and costs, it shall be considered for resolution under section 440.25(4)(j), Florida Statutes. The application for expedited hearing shall be substantially the same as form 4.9091. A copy of this application shall be filed with the judge and served on all interested parties.
(b) Other Claims. On written agreement of all parties and application of any party, any claim or petition filed in accordance with section 440.192, Florida Statutes, may be resolved as provided for in subdivision (a).
(c) Motion to Dispense. Any motion to dispense with expedited hearing shall comply with rule 4.065 and must be based on compelling evidence that the claim or petition is not appropriate for expedited resolution.
(d) Expedited Docketing and Notice. The judge shall serve written notice of the hearing on the parties not less than 45 days before the hearing.
(e) Discovery. The parties shall have at least 30 days to conduct discovery, which shall be completed 15 days before the hearing.
*805 (£) Pretrial Outline. At least 15 days before the hearing, a pretrial outline shall be filed with the judge and served on all parties. The following shall be attached:
(1) Statement of the Facts. The statement shall include references to the specific pages in the deposition testimony of witnesses as well as a suggestion of the expected testimony of those witnesses who will be called to testify at the hearing.
(2) Memorandum of Law. The memorandum shall include relevant case citations and copies of the cases cited.
(3) Attachments. A complete composite of the records of the medical advisor appointed by the judge or the division, any independent medical examination (IME) physicians, and any other authorized providers shall be attached. There shall also be attached any depositions or other documentary items on which a party will rely to establish the case. The pages of the composite shall be numbered and the composite shall be preceded by an abstract referencing and synthesizing those portions of the records on which the filing party relies. No additional records, depositions, or documentary evidence will be admitted at the time of the hearing.
(g) Witness and Subpoenas. At the final hearing, the parties must arrange to have all witnesses present or available to testify promptly at the time and place noticed. Subpoenas will be issued on request of the parties or their counsel. If any party or legally subpoenaed witness fails to appear at the time and place set for the hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under sections 440.32 and 440.33, Florida Statutes, may be initiated.
(h) Final Hearing Procedure. The final heaiing will not exceed 30 minutes. The employer/carrier may be represented by an adjuster or other qualified representative. All previously scheduled final hearings and pretrial conferences shall be canceled.
(i) Post-hearing Evidence. Post-hearing evidence shall be considered in the same manner as provided in rule 4.085.
Committee Notes
1996 Adoption. This rule codifies the procedure to follow when requesting a 30 minute expedited hearing as authorized by section 440.25(4)(j), Florida Statutes, for claims of $5,000 or less, or if stipulated to by the parties.
2000 Amendment. The changes were made to make rule 4.105 consistent with section 440.25(4)(j), Florida Statutes.
RULE 4.115. ORDERS
(a) Generally.
(1) The order of the judge shall set forth findings of fact, conclusions of law, and the judge’s determination of the claim or other ruling.
(2) The order shall be signed by the judge and shall include a certificate of service to all parties and counsel of record. The compensation order shall be filed with the Office of the Judges of Compensation Claims.
(b) Abbreviated Final Orders. The judge may enter an abbreviated final order in cases in which compensability is not disputed. Either party may request separate findings of fact and conclusions of law within 10 days from the entry of the abbreviated final order. Upon receipt of a timely motion, the presiding judge shall vacate the abbreviated final order and, within 30 days thereof, enter an order in compliance with section 440.25(4)(e), Florida Statutes, and rule 4.115(a). No hearing on the motion shall be required. Abbreviated final orders under section 440.25(4)(d), Florida Statutes, shall be enforceable under séction 440.24, Florida Statutes.
*806 (be) Amending or Vacating Order.
(1) A judge may, at his or her own discretion or pursuant to a motion for rehearing, vacate or amend an order not yet final pursuant to section 440.25, Florida Statutes.
(2) Grounds for vacating an order may include circumstances in which it appears to the judge that due consideration of a motion for rehearing may not be practicable before the order becomes final.
(ed) Effect of Appeal. Nothing in these rules shall be construed to interfere with the judge’s jurisdiction to either approve settlements or correct clerical errors, as specified under Fla. R.App. P. 9.180(c)(2).
Committee Notes
1996 Adoption. This rule incorporates former rules 4.080(c) and 4.141(b)-(d). Subdivision (b) codifies the long-established practice in workers’ compensation litigation: A judge of compensation claims retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
2000 Amendment. The cross-reference to the appellate rules was corrected in subdivision (c). Subdivision (d) was deleted because the First District Court of Appeal noted that the circuit court has exclusive jurisdiction to determine the amounts past due in a rule nisi proceeding. Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995).
RULE 4.141. MOTION FOR REHEARING
(a) Generally. A motion for rehearing shall state specifically the grounds on which it is based and should not be used to reargue issues already determined. A motion for rehearing may be served only within 10 days from the date of an order not yet final under section 440.25, Florida Statutes.
(b) Purpose. The purpose of the motion shall be limited to:
(1) call attention to typographical, technical, and scrivener’s errors;
(2) challenge rulings that were outside the scope of the issues presented; or
(3) seek clarification in matters of law or fact that the judge overlooked or misapprehended.
(c) Effect on Timeliness. A motion for rehearing does not toll the time within which either an order becomes final or an appeal may be filed.
(d) Disposition. The judge shall summarily rule on the motion, conduct a hearing and rule on the motion, or vacate the order within 30 days after the order is mailed to the parties.
(e) Abbreviated Final Order. Abbreviated final orders entered under section 440.25(4)(d), Florida Statutes, shall not be subject to a motion for rehearing.
Committee Notes
1984 Adoption. This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subdivision (b) specifically invites use of a deputy’s power to vacate as a means of affording the parties additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every case of motion for rehearing.
*807 Subdivision (b) codifies the long established practice in workers’ compensation litigation: A deputy commissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
1996 Amendment. Subdivisions (b), (c), and (d) were moved to new rule 4.115, Orders. New subdivision (e) was added.
2000 Amendment. The time for serving a motion for rehearing has been shortened to 10 days to bring the workers’ compensation procedure more in line with the civil rules. The responsibility has been shifted to the judge of compensation claims as to the manner in which the motions are to be addressed.
RULE 4.143. SETTLEMENT UNDER SECTION 440.20(11), FLORIDA STATUTES
(a) Scope. This rule applies in any proceeding in which the parties undertake to compromise or release any class of benefits under section 440.20(11) (a) or (b), Florida Statutes.
(b) Uniform Stipulation Forms. The parties shall submit their agreement in writing executed by all attorneys of record and the employee. The parties will use the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, when submitting an agreement.
(e) General Release Language Prohibited. Joint petition and stipulation documents shall not purport to settle matters outside the subject matter jurisdiction of the judge of compensation claims and may include only accidents and injuries disclosed to the judge.
(d) Required Documents. A joint petition seeking the approval of a lump-sum settlement under section 440.20(11) (a) or (b), Florida Statutes, shall be filed with the judge’s office with:
(1) a stipulation using the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, signed by the claimant, all attorneys of record, unrepresented parties, or representatives of the employer/carrier;
(2) an affidavit of the claimant in which the claimant shall acknowledge the agreement and its material provisions under oath in writing or before the judge, unless all relevant information is incorporated in the verified stipulation;
(3) for settlements under section 440.20(ll)(b), Florida Statutes only, a maximum medical improvement report, documentation of the permanent impairment rating, information concerning the need for future medical care, and other essential medical information;
(4) any other evidence in the possession of the parties and their attorneys that is material to the consideration and disposition of the settlement;
(5) a notice letter to the employer as required under section 440.20(ll)(b), Florida Statutes;
(6) an attorney-fee data sheet; child support information; and
(7)--an-attoEney^s-a£Bdawt seeMag approval of an attorney fee and specifying the^ statutory factors forming the-basis for a variance, if the requested fee exceeds the statutory — guidelines-under-sections 440.34(l)(a)-(l)(h), Florida Statutes; — and
(87) the notice(s) of denial and the report to the deputy chief judge for settlements under section 440.20(ll)(a), Florida Statutes.
(e) Orders. The order of the judge approving or disapproving the proposed settlement shall set forth findings of fact and *808 conclusions of law to support the approval or disapproval of the proposed settlement? and may be in the form provided in these rules.
Committee Notes
1996 Adoption. This rale replaces rule 4.131 because of the 1993 amendments to washout settlements under section 440.20(11), Florida Statutes. The intent of the rule is to codify and provide statewide uniformity as to washout settlement practice. The accompanying forms are substantially those presently in general use.
2000 Amendment. Subdivision (c) was added to prohibit the practice of including agreements to settle non-workers’ compensation matters, or entitlement to benefits for industrial accidents not disclosed in the settlement agreement, in the joint petition and stipulation forms submitted under this rule. Separate agreements between the parties as to non-workers’ compensation matters should be summarized in the settlement agreement for informational purposes under subdivision (d)(4) of this rule.
RULE 4.1435. RULE 4.142 SETTLEMENTS UNDER SECTION 440.20(ll)(c), (d) AND (e), FLORIDA STATUTES
(a) Scope. This rule applies in any proceeding in which the claimant is represented by counsel and the claimant wishes to waive all rights to any and all benefits under this chapter by entering into a settlement agreement pursuant to section 440.20(ll)(c), (d) and (e), Florida Statutes, releasing the employer and the carrier from liability for workers’ compensation benefits in exchange for a lump sum payment to the claimant.
(b) Generally. The parties need not submit any information or documentation in support of the settlement, except as to justify the amount of the attorney’s fee and appropriate recovery of any child support arrearage.
(c) Attorney’s Fee. Neither the employer nor the carrier is responsible for any attorney’s fee relating to the settlement and release of claims under this rule. The claimant’s attorney shall submit a motion for attorney’s fee and an attorney’s fee data sheet seeking approval of an attorney’s fee, setting forth sufficient information to justify the amount of the fee and setting forth the benefits obtained by the claimant’s attorney. If the claimant’s attorney seeks an attorney’s fee in excess of the statutory guidelines under section 440.34, Florida Statutes, the attorney shall file an affidavit that shall specify the statutory factors forming the basis for the variance. Any order entered by a judge of compensation claims approving the attorney’s fee as set out in the settlement under this subdivision is not considered to be an award and is not subject to modification or review.
(d) Orders. Any order of the judge approving or disapproving the attorney’s fee shall set forth findings of fact and conclusions of law to support the approval or disapproval of the attorney’s fee and whether the settlement provides for the appropriate recovery of any child support arrearages.
(e) Payment of Lump Sum Settlement. Payment of the lump sum settlement must be made within 14 days after the date the judge of compensation claims mails the order approving the attorney’s fee.
RULE 4.155. DISQUALIFICATION OR RECUSAL OF JUDGES
(a) Any motion for disqualification of a judge shall be made and determined pursuant to Florida-Rule of Judicial Administration Fla. R. Jud. Admin. 2.160.
(b) Upon the entry of an order of disqualification or the voluntary recusal by a judge, the chief judge shall promptly reassign the matter to another judge to con *809 duct all further proceedings. In the absence of any written objection filed with the deputy chief judge within 7 days of the order reassigning the matter, the deputy chief judge may, in the interest of the prompt administration of justice, transfer venue of the cause of action.
Committee Notes
1996 Adoption. This rule adopts Florida Rule of Judicial Administration 2.160, for the procedure to disqualify or recuse a judge of compensation claims and permits reassignment by the chief judge.
PART II. MEDIATION PROCEEDINGS PROCEDURES
RULE 4.310. MANDATORY MEDIATION
(a) Initial Mandatory Mediation. Except as provided in this rule, an initial mandatory mediation conference is required to be held concerning every petition filed under section 440.192, Florida Statutes, that survives dismissal after review by a docketing judge under section 440.45(3), Florida Statutes, or a motion to dismiss filed under section 440.192(5), Florida Statutes.
(b) Notice and Date of Mandatory Mediation Conference.
(1) Within 7 days after a petition is filed under section 440.192, Florida Statutes, but in no event more than 7 days from the presiding judge’s receipt of the petition that survives a dismissal, the judge, or the mediator if the judge so designates, shall notify all interested parties of the date, time, and location of the initial mandatory mediation conference. The notice may be served personally or by mail upon the interested parties.
(2) The mediation conference shall be held within 21 days after a petition is filed under section 440.192, Florida Statutes, but if continued or rescheduled, it shall be held and completed no later than 10 days before any scheduled pretrial hearing.
(c) Waiver of Initial Mandatory Mediation Conference. A mandatory mediation conference may be waived only by order of the chief judge after the filing with the presiding judge of a motion to waive the initial mandatory mediation conference no later than 3 days before the scheduled conference.
(d) Mediator. The initial mandatory mediation conference required to be held under section 440.25(1), Florida Statutes, shall be conducted by a mediator or adjunct mediator employed by the deputy chief judge under section 440.25(3), Florida Statutes, except when the parties have stipulated under rule 4.350 to substitute a mediator who is not appointed by the deputy chief judge.
(e) Mediator’s Report. Within 10 days following the conclusion commencement of the mediation conference, the mediator shall file a written report with the presiding judge as to whether any of the issues in dispute are resolved. If an impasse was declared the mediator shall so report without comment or recommendation. If the parties reach an agreement, it shall be filed with the presiding judge in accordance with rule 4.142.
Committee Notes
1996 Adoption. This rule codifies the procedure for mandatory mediation required by section 440.25, Florida Statutes, for every petition for benefits.
Subdivision (c) also permits filing the motion to waive with the presiding judge who shall then forward the motion to the chief judge for consideration.
Subdivision (d) contemplates that the mandatory mediation shall be conducted by the mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, without charge *810 to the parties. Any substitution of the mediator requires approval by the presiding judge.
2000 Amendment. Subdivision (d) was amended to permit the parties to stipulate to a private mediation conference and the use of a private mediator in place of the initial mandatory mediation conference with a state or adjunct mediator appointed by the chief judge.
RULE 4.350. APPOINTMENT OF MEDIATOR AND SCHEDULING MEDIATION CONFERENCE FOR SUBSEQUENT MEDIATION
(a) Appointment or Selection of Mediator.
(1) Within 10 days of the order of referral to mediation entered pursuant to rule 4.340, the parties may stipulate to the selection of a member of The Florida Bar to act as a mediator who, in the opinion of the parties and the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the pending workers’ compensation claim or petition.
(2) If the parties cannot agree on a mediator within 10 days of the order of referral, the judge shall appoint a mediator or adjunct mediator employed by the deputy chief judge pursuant to section 440.25(3), Florida Statutes, in the district in which the matter is pending.
(b) Mediator Fees.
(1) Mediations conducted by a mediator or adjunct mediator employed by the chief judge Office of the Judges of Compensation Claims under section 440.25(3), Florida Statutes, shall be at no cost to the parties.
(2) When the mediator selected by the parties and approved by the judge is one other than a mediator or adjunct mediator employed by the chief judge Office of the Judges of Compensation Claims under section 440.25(3), Florida Statutes, the amount and method of payment of the mediator fees shall be agreed upon between the parties, or their attorneys, and the mediator.
(c) Notice of Mediation Conference. Within 15 days after receiving an order referring the parties to mediation under rule 4.340, the mediator shall notify the parties in writing of the date, time, and place of the mediation conference unless the order of referral specifies the date, time, and place. The mediation conference ordered under rule 4.340 shall be held no sooner than 7 days from the date of the notice scheduling the mediation conference unless otherwise agreed by the parties.
(d) Completion of Mediation; Continuances; Adjournments. Mediation shall be completed 10 days before the final hearing unless extended by the mediator or the judge. However, the mediator may adjourn the mediation conference at any time and may set times for reconvening the adjourned mediation conference. No further written notification is required for parties present at the adjourned mediation conference.
Committee Notes
1996 Amendment. This rule extensively amends the prior rule and is fashioned after Florida Rule of Civil Procedure 1.720(f). It allows the parties to stipulate to the selection of a private mediator to conduct a subsequent mediation. The stipulation also must reflect the amount and method of payment of the mediator fees.
RULE 4.360. MEDIATION CONFERENCE
(a) Attendance in Mediation. Any party required to attend athe mediation conference must have full and binding authority to settle without further consultation. Notwithstanding rule 4.075, no party the claimant or the adjuster may appear by telephone unless if specifically approved by the mediator. Further, a mediator may *811 excuse the appearance of a party. Unless stipulated by the parties, approved by the mediator, or relieved by order of the presiding judge, a party is deemed to appear at a mediation conference if the following persons are physically present:
(1) The claimant or petitioner, a representative of the carrier/servicing agent, an uninsured employer, or a self-insured employer if its carrier/servicing agent does not have full settlement authority.
(2) The parties’ counsel of record. Appearance by counsel does not dispense with or waive the required attendance of the parties listed above.
(3) If the employer is a public entity required to conduct its business pursuant to chapter 286, Florida Statutes, a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity.
(b) Sanctions for Failure to Appear. If a party fails to appear at a duly noticed mediation conference without good cause or without the approval of the mediator-, or appears without full authority to resolve a claim, the presiding judge on a party’s or judge’s own motion and after a hearing may impose sanctions in accordance with rule 4.150, including payment of the mediator fees, if any.
(c) Counsel of Record. Counsel shall be permitted to communicate privately with their clients at any time. In the discretion of the mediator and with the stipulation of the parties, a mediation conference may proceed in the absence of counsel.
Committee Notes
1996 Amendment. This rule extensively amends the prior rule.
RULE 4.370. CONCLUSION OF MEDIATION
(a) Impasse. The mediator shall have sole discretion to terminate or suspend mediation if at the mediation conference the parties have reached an impasse or the matter is not appropriate for further mediation. It is the duty of the mediator to timely determine when mediation is no longer helpful or viable and that an impasse exists, or that mediation should end. The mediator shall, within 10 days of the conclusion commencement of the mediation conference, file a report with the presiding judge reflecting the lack of agreement without comment or recommendation.
(b) Mediation Agreement.
(1) If a mutually acceptable and voluntary total or partial agreement is reached, it shall be reduced to writing and signed by the parties or their attorneys, dictated on the record before a judge of compensation claims, or electronically or stenographically recorded and transcribed.
(2) The agreement shall be a stipulation under rule 4.142 and shall be filed with the presiding judge.
(3) Any agreement or stipulation under this rule may be expressly relied on by the judge of compensation claims in any proceedings, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The judge of compensation claims may abrogate any stipulation that appears to be manifestly contrary to law on due notice to the parties. However, the judge of compensation claims need not inquire beyond the stipulation or agreement and may enter an order approving the mediation agreement.
(c) Enforcement of Agreement. In the event of any breach or failure to perform under a mediation agreement, enforcement shall proceed in accordance with section 440.24, Florida Statutes.
(d) Agreement to Enter into Section 440.20(11), Florida Statutes, Settlement. *812 Any mediation agreement compromising or releasing prospective benefits to the employee of any class of benefits pursuant to section 440.20(11), Florida Statutes, shall not be approved or become binding until after the parties have first complied with rule 4.143 and the requirements of section 440.20(11), Florida Statutes.
Committee Notes
2000 Amendment. Subdivision (b)(1) was amended to allow an attorney to sign an agreement instead of the party signing it. The amendment makes the rule similar to rule 4.142(b)(1), which pertains to other agreements or stipulations.
RULE 4.380. DISQUALIFICATION OF MEDIATOR
(a) Procedure. Any party may, by motion, for good cause shown, request the presiding judge to disqualify a mediator. The request must state with particularity the basis for disqualification. If a mediator is disqualified, the deputy chief judge shall immediately enter an order naming a qualified substitute mediator. The time for a mediation conference shall be tolled during any periods in which mediation is deferred pending determination of a disqualification motion.
(b) Disclosure by Mediator. Mediators have a duty to be impartial and shall immediately disclose and advise all parties of any circumstances bearing on possible conflicts of interest, bias, prejudice, or partiality. Nothing in this rule shall preclude mediators from disqualifying themselves or refusing any assignment.
Committee Notes
1996 Amendment. Editorial changes.
PART III. FORMS
FORM 4.901. CAPTION AND STYLE OF PLEADINGS
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CLAIMANT: ATTORNEY FOR CLAIMANT:
[If other than Employee.]
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
EMPLOYER: ATTORNEY FOR EMPLOYER/ CARRIER:
.(NAME). .(NAME).
.(ADDRESS). .(ADDRESS).
CARRIER CLAIM NUMBER: (SERVICING AGENT):
(NAME). DATE OF ACCIDENT: (ADDRESS).
(Title of Pleading)
*813 Committee Notes
1988 Adoption. This form is intended to standardize the caption and style of pleadings under these rules. It is intended to be incorporated by reference in the certificate of service where applicable.
There is no prior form.
FORM 4.903. CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
(a) Form of Agreement for Accidents Occurring before October 1,1989.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000 of all benefits obtained;
20% of the next $5,000 of all benefits obtained;
15% of all benefits obtained in excess of $10,000;
although the attorney fee may be greater or less than the sums retained in trust, depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fees and court costs. Those circumstances are when:
a. my employer or its carrier has denied that I had an on-the-job accident or injury;
*814 b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. the conduct of my employer or its carrier is found by the judge of compensation claims to constitute “bad faith,” as defined in the Workers’ Compensation Act.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
*815 8. POTENTIAL LIENS AGAINST LUMP-SUM PROCEEDS. The employee acknowledges that compensation under the Florida Workers’ Compensation Law may be subject to liens including, but not limited to, past due child support payments, Medicaid liens, Medicare liens, Internal Revenue Service (IRS) liens, and liens established by the Florida Agency for Health Care Administration (AHCA). It is the employee’s responsibility to inform the undersigned attorney of any and all potential liens.
EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED: _
STATE OF FLORIDA COUNTY OF.
The foregoing contract was acknowledged before me by.(name of employee/claimant)., who identified this instrument as.(name of instrument)., who signed the instrument willingly, and who is
Personally Known_OR Produced Identification_ Type of Identification Produced-
(Signature of Notary Public - State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
(b) Form of Agreement for Accidents Occurring on or after October 1, 1989 and before January 1, 1994.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
*816 I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
25% of the first $5,000 of all benefits obtained;
20% of the next $5,000 of all benefits obtained;
15% of all benefits obtained in excess of $10,000;
although the attorney fee may be greater or less than the sums retained in trust depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of my attorney fees and court costs. Those circumstances are when:
a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. my employer or its carrier fails or refuses to pay a specific claim filed with the Division of Worker-s^-Compensation Office of the Judges of Compensation Claims on or before the 21st day after receiving notice of the claim.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE’S RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information which may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my case with any person not specifically authorized by my attorney.
*817 I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me, and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY’S RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. I understand that, this agreement is binding upon signing. I authorize my attorney to submit this agreement to the judge of compensation claims for the judge’s approval.
8. POTENTIAL LIENS AGAINST LUMP-SUM PROCEEDS. The employee acknowledges that compensation under the Florida Workers’ Compensation Law may be subject to liens including, but not limited to, past due child support payments, Medicaid liens, Medicare liens, Internal Revenue Service (IRS) liens, and liens established by the Florida Agency for Health Care Administration (AHCA), It is the employee’s responsibility to inform the undersigned attorney of any and all potential liens.
Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
WITNESS
DATE EXECUTED: _
STATE OF FLORIDA COUNTY OF.
The foregoing contract was acknowledged before me by.(name of employee/claimant)., who identified this instrument as.(name of instrument)., who signed the instrument willingly, and who is
*818 Personally Known_OR Produced
Identification_
Type of Identification Produced_
(Signature of Notary Public - State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
(c) Form of Agreement for Accidents Occurring on or after January 1, 1994.
CONTRACT OF REPRESENTATION, POWER OF ATTORNEY, TRUST AGREEMENT, AND MOTION
I, the undersigned employee, hereby retain and employ the undersigned as my attorney to represent me with respect to the industrial accident and injury described above in any workers’ compensation claim I may have, under the following terms and conditions:
1. AUTHORIZATION. I authorize my attorney to act on my behalf in prosecuting my workers’ compensation claim. My attorney is authorized to make such investigations, undertake such legal proceedings, and expend such monies on my behalf as my attorney may deem necessary.
2. ATTORNEY FEES. I agree to pay to my attorney a reasonable attorney fee for services rendered with respect to my workers’ compensation claim. I request that my employer and its carrier (or servicing agent) make all payments of workers’ compensation indemnity benefits payable jointly to me and my attorney in care of my attorney at the attorney’s address.
I authorize my attorney to retain in trust from my indemnity benefits to secure the payment of my attorney fees and costs:
20% of the first $5,000 of all benefits secured;
15% of the next $5,000 of all benefits secured;
10% of all benefits secured thereafter until 10 years after the filing of a petition/claim;
5% of all benefits secured after the expiration of the 10-year term;
although the attorney fee may be greater or less than the sums retained in trust depending on the amount of time my attorney expends in the prosecution of my claim, the difficulty, novelty, or complexity of my case, and the amount ultimately paid or awarded.
THE JUDGE OF COMPENSATION CLAIMS (WORKERS’ COMPENSATION JUDGE) WILL MAKE THE FINAL DETERMINATION AS TO THE AMOUNT OF AND MY ATTORNEY’S ENTITLEMENT TO AN ATTORNEY FEE.
To the extent the money held in trust exceeds my attorney fees and costs, or if all or part of my attorney fees and costs are paid by my employer and its carrier (or servicing agent), the balance held in trust will be returned to me.
Under some circumstances, my employer and its carrier (servicing agent) may be found liable to pay all or a part of nay attorney fees and court costs. Those circumstances are when:
*819 a. my employer or its carrier has denied that I had an on-the-job accident or injury;
b. my employer or its carrier has refused to provide me with medical care and I am not at that time entitled to any other benefits;
c. my employer or its carrier files a to the petition with the Division ■■of Workers’ Compensation Office of Judges of Compensation Claims denying in whole or part for-the benefits claimed.
I understand that the recovery of attorney fees and costs in addition to my benefits may require a separate proceeding for which I may incur additional costs and attorney fees. If my employer or its carrier is required to pay my attorney a fee for any benefits my attorney obtains for me, I will not be obligated to pay an additional fee for obtaining that benefit.
3. COSTS. I agree to reimburse my attorney for all costs associated with the prosecution of my claim to the extent that these costs are not recovered from the employer and its carrier (servicing agent), regardless of the outcome of my claim. My attorney may use any monies held in trust under this contract to pay any costs incurred on my behalf.
4. EMPLOYEE RESPONSIBILITIES. I agree to promptly and fully advise my attorney as to any developments or information that may have a bearing on my workers’ compensation claim and to keep my attorney advised at all times as to my whereabouts and correct mailing address.
I will promptly attend any appointments made for me by my attorney and will submit to any medical or vocational examinations or evaluations arranged by my attorney.
I will not discuss my ease with any person not specifically authorized by my attorney.
I agree to cooperate fully with my attorney.
I understand that my attorney expressly relies on the truthfulness of all statements made by me and that I may be subject to criminal prosecution if I make false or misleading statements in connection with my workers’ compensation claim.
I UNDERSTAND THAT MY ATTORNEY MAY TERMINATE THIS CONTRACT OF REPRESENTATION IF I DO NOT FULLY COMPLY WITH THIS AGREEMENT.
5. ATTORNEY RESPONSIBILITIES. The undersigned attorney agrees to diligently pursue the employee’s workers’ compensation claim and to keep the employee fully informed as to this claim. The attorney accepts the trust provisions of this agreement and will account to the employee as to any monies received, expended, or held on the employee’s behalf at the employee’s request.
6. LIMITED POWER OF ATTORNEY. The undersigned employee does hereby make, constitute, and appoint the undersigned attorney as the employee’s agent and attorney-in-fact to act in the employee’s name, place, and stead to negotiate the employee’s workers’ compensation benefit checks or drafts only for the purposes of this contract.
7. APPROVAL OF CONTRACT OF REPRESENTATION BY JUDGE OF COMPENSATION CLAIMS. I understand that this agreement is binding upon *820 signing. I authorize my attorney to submit this agreement to the judge of compensation claims for the judge’s approval.
8. POTENTIAL LIENS AGAINST LUMP-SUM PROCEEDS. The employee acknowledges that compensation under the Florida Workers’ Compensation Law may be subject to liens including, but not limited to, past due child support payments, Medicaid liens, Medicare liens, Internal Revenue Service (IRS) liens, and liens established by the Florida Agency for Health Care Administration (AUCA), It is the employee’s responsibility to inform the undersigned attorney of any and all potential liens.
Having read and signed this contract of representation and having discussed its provisions with my attorney, the undersigned employee jointly with the undersigned attorney moves that the judge of compensation claims approve this contract of representation. The employee waives notice of hearing and waives a formal hearing before the judge of compensation claims with respect to the approval of this contract of representation.
EMPLOYEE
WITNESS
WITNESS
STATE OF FLORIDA COUNTY OF.
The foregoing contract was acknowledged before me by.(name of employee/claimant)., who identified this instrument as.(name of instrument) ...'., who signed the instrument willingly, and who is
Personally Known_OR Produced
Identification__
Type of Identification Produced_
(Signature of Notary Public - State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
ATTORNEY FOR THE EMPLOYEE
Committee Notes
1988 Adoption. The suggested form intends to make uniform the attorney-client agreement and conform with chapter 440, Florida Statutes, as well as the trust accounting provisions applicable to attorneys, established practice, and applicable case law. It is intended to memorialize and is not meant as a substitute for advice of counsel. The form is intended for use only as to claims arising under chapter 440, Florida Statutes, and a separate agreement must be obtained for representation as to any other cause of action.
1992 Amendment. The alternative form of agreement reflects the amendment to chapter 440, Florida Statutes (1989), eliminating the provision for the award of *821 attorney fees on account of “bad faith” and substituting a timely payment requirement (the “21-day rule”). It is the view of this committee, being mindful of the customary practice under the prior (pre-1979) “21-day rule,” that many of these agreements will not be submitted to the judge for approval inasmuch as the attorney will not undertake to withhold money from the claimant’s benefits to secure the payment of a fee.
FORM 4.9075. PETITION FOR BENEFITS
n UNREPRESENTED_DWC CASE # ..
DOCKETING ORDER TO BE COMPLETED BY-DOCKETING JUDGE ONLY-
( ) Petition is consistent with all statutory requirements and is referred to the appropriate judge of compensation claims for further review and consideration.
( ) Petition fails to specifically identify or itemize the information required under EJgr section 440.192(2)(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), Florida Statutes, or_. and is dismissed without prejudice with leave to amend within 30 days from the date of this order.
( ) Petitioner has failed to exhaust the procedures for informal dispute resolution under £Lgr section 440.191(2), Florida Statutes, before filing the petition and the petition is dismissed without prejudice.
( ) Petition failed to include a certification by the petitioner or the petitioner’s attorney indicating a good faith effort to resolve the dispute as required under Fygb-section 440.192(4), Florida Statutes, and the petition is dismissed without prejudice with leave to amend within 30 days from the date of this order.
( ) Other-
Docketing Judge
The above docketing order was entered and a copy furnished by U.S. mail to the parties, or their attorneys as indicated below, at their addresses listed below on this__ day of_,-
Assistant to Judge of Compensation Claims
PETITION FOR BENEFITS (Rev. 8/98) AMENDED □
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS; COMPENSATION EAO/PETITION TEAM — P. O. BOX 8000 — TALLAHASSEE, FL 32314-8000 FOR ASSISTANCE CALL 1-800-342-1741
EMPLOYEE’S NAME & EMPLOYER’S NAME & CARRIER/SERVICING ADDRESS: ADDRESS: AGENT’S NAME & ADDRESS:
EMPLOYEE’S PHONE NO. EMPLOYER’S PHONE NO. CARRIER/SERVICING AGENT’S PHONE NO.
SOCIAL SECURITY NUMBER DATE OF ACCIDENT (ONLY LOCATION OF ACCIDENT ONE DATE PER FORM) (CITY, COUNTY, STATE)
PETITIONER’S NAME, ADDRESS & PHONE (IF DIFFERENT FROM EMPLOYEE):
ATTORNEY FOR EMPLOYEE/PETITIONER NAME & ADDRESS: ATTORNEY FOR EMPLOYER/ CARRIER NAME & ADDRESS:
*822 EMPLOYEE/PETITIONER ATTORNEY’S E/C ATTORNEY’S PHONE NO. PHONE NO.
FLORIDA BAR NO. ■ FLORIDA BAR NO.
JOB DESCRIPTION/WORK DESCRIPTION OF WORK BEING
RESPONSIBILITIES PERFORMED WHEN INJURY OCCURRED:
DESCRIPTION OF ACCIDENT AND PARTS OF MMI ( ) HAS ( ) HAS NOT BEEN REACHED BODY INJURED:
ACCORDING TO DR_ON
IF APPLICABLE, DATE OF DEATH:
THIS PETITION IS FOR MEDICAL BENEFITS ONLY
_ YES_ NO_
I. Jurisdiction: The judge has jurisdiction over the parties and the subject matter of this petition.
II. It is certified that: The subject matter of this petition was presented to the EAO created under section 440.191, Florida Statutes, in a good-faith effort to resolve the disagreements between the parties. The request for assistance was dated -,-Despite these efforts, the matters were not resolved. Managed care grievance procedures, if required, have been exhausted under Ssection 440.192(3), Florida Statutes.
III. Character of disability. The injury/injuries occasioned by the events described above has/have adversely affected the injured employee’s capacity to earn in the same or any other employment the wages that the employee was receiving at the time of the injury. Specifically, the injury prevents the injured employee from:
IV.The above-named injured employee petitions the Judge of Compensation Claims for an order requiring the employer/carrier/servicing agent to provide the following benefits claimed due, ripe and owing but not provided:
-Temporary Total Disability benefits from_to__ at a compensation rate of $_per week.
-Temporary Partial Disability benefits from_to__at a compensation rate of $_per week.
-For accidents prior to 1994, impairment benefits due under Ssection 440.15(3)(a), Florida Statutes (1979) $_The permanent impairment due to the injury is - % of the whole body. These benefits are based on:
-Permanent Impairment due to the total loss of use of_. (body part affected).
-Permanent Impairment due to amputation of_(body part amputated after July 1,1990).
-Permanent Impairment due to the loss of 80% vision of either eye after correction.
-Serious facial injury or head disfigurement.
-For accidents prior to 1994, Wage-loss benefits payable under Ssection 440.15(3)(b), Florida Statutes from_to_at a rate of $_per week. If the petitioner had earnings during the foregoing period of time, attach a list of the earnings on a biweekly basis or attach wage-loss request forms.
*823 _Impairment benefits due under Ssection 440.15(3)(a)3, Florida Statutes (1994)
$-
_Supplemental benefits due under Ssection 440.15(3)(b), Florida Statutes (1994)
$-
_Permanent Total Disability benefits under Ssection 440.15(1), Florida Statutes, from_to the present and continuing at a rate of $-per week.
_Death benefits payable under Ssection 440.16, Florida Statutes.
__ Correction of AWW and resulting Compensation Rate due to-
_Medical E-expenses incurred for treatment of the employee’s injury'as provided under Ssection 440.13(2), Florida Statutes. The employee has specifically requested the payment of the charges, but the employer/carrier has failed, refused, or neglected to do so within a reasonable time. The following medical charges have not been paid (for numerous unpaid charges, a list may be attached):-
_Medical care under the supervision of doctor(s):-
The employee has previously requested the treatment, but the employer/carrier has failed, refused, or neglected to provide the treatment within a reasonable time.
_The injured employee seeks-(Type of treatment) medical treatment.
_The treatment is needed because-
_Medically necessary (professional) (nonprofessional) attendant care as per the direction of a physician. The employee has previously specifically requested the attendant care, but the employer/carrier has failed, refused, or neglected to provide the care within a reasonable time. The injured employee seeks attendant care because. ..
_Reimbursement of mileage to and from medical care providers in the amount of $_(see attached mileage statement).
_Rehabilitative Temporary Total Compensation under Ssection 440.491(6)(b), Florida Statutes, from_to_at a rate of $-per week. _Interest and Penalties on unpaid benefits
_Costs and attorney’s fees from E/C under Ssection 440.34(3)(a)-(d), Florida Statutes.
_Reimbursement of prescription bills in the amount of $-(see attached).
_The employer/carrier/servieing agent has denied the compensability of the accident or injury.
__ Other issue(s) not referenced above:-
The employee/petitioner, or the employee’s/petitioner’s attorney, hereby certify that a good-faith effort was made to resolve the dispute and was unable to resolve the dispute with the employer/carrier/servicing agent. In accordance with Ssection 440.192(1), Florida Statutes, a copy of this petition for benefits has been served by certified mail on the injured worker’s employer and the employer’s carrier, and the original on the Division of -Workers’ Compensation-Office of the Judges of Compensation Claims in Tallahassee on-A copy of this petition has also been served on the attorney for the employee/earrier, if known. The employee/petitioner further attests that (he) (she) has reviewed, understands, and acknowledges the following notice: ANY PERSON WHO, KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD OR DECEIVE ANY EMPLOYER, OR EMPLOYEE, INSURANCE COMPANY OR SELF-INSURED PROGRAM, FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION, COMMITS INSURANCE FRAUD, PUNISHABLE AS PROVIDED IN SECTION 817.234, FLORIDA STATUTES.
Signature of Employee/Petitioner: - Date: -
Signature of Attorney: - Date: -
Florida Bar No_
*824 Committee Notes
2000 Amendment. The two petition forms were combined into one for the benefit of the practitioner. The form has been significantly shortened for the same reason. The docketing order was incorporated into the petition to eliminate the need for a separate order, anticipating that this will speed up this step of the administrative process. FORM 4.9085. NOTICE OF MEDIATION CONFERENCE AND ORDER [For caption and style of pleadings see form 4.901.]
NOTICE OF MEDIATION CONFERENCE AND ORDER
In accordance with section 440.25(1), Florida Statutes, 49942001, and Florida Rules of Workers’ Compensation Procedure 4.300-4.380, a mediation conference will be held before __, Mediator, at.(location of hearing). in the above case on:
DATE:
TIME:
1. THE FOLLOWING PEOPLE MUST ATTEND THE MEDIATION CONFERENCE:
A. petitioner;
B. claims representative of the carrier/servicing agent, who must have full authority to settle the issues for which a petition was filed;
C. employer, if uninsured;
D. insured or self-insured employer, if the carrier/servicing agent does not have full authority to settle the issues for which the petition was filed; and
E. attorneys for the parties.
2. The appearance of an attorney for a party does not dispense with the required attendance of the parties themselves.
3. No party may appear at the mediation conference by telephone unless such appearance is approved in advance by the mediator.
4. A party’s failure to attend the mediation conference without good cause shown or without approval of the mediator, or appearance without full authority to resolve the issues may subject the party to sanctions such as the judge of compensation claims shall deem appropriate and may include certification for contempt, dismissal of the petition, striking of defenses, and imposition of costs and attorney fees.
5. If the issues in dispute are not resolved within 10 days of the commencement of the mediation conference, the mediator will so notify the judge of compensation claims, and a pretrial hearing will be scheduled, with at least 7 days’ advance notice of the date, time, and place of the pretrial being mailed to the parties.
DONE AND ORDERED in Gchambers-.
Judge of Compensation Claims
*825 I CERTIFY that the Notice of Mediation Conference and Order was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the address written above on.(date).
Assistant to the
Judge of Compensation Claims
FORM 4.9086. MOTION TO SUBSTITUTE PRIVATE MEDIATION FOR MANDATORY STATE MEDIATION [For caption and style of pleadings see form 4.901]
MOTION TO SUBSTITUTE PRIVATE MEDIATION FOR MANDATORY STATE MEDIATION
COMES NOW the.(employer/carrier or employee).. by and through the undersigned counsel, and hereby states in support of this motion to substitute that:
1. A state mediation is currently scheduled to be held on.(date).at .(time).
2. The parties have agreed to attend a private mediation which is scheduled to be held on.(date).at.(time).The mediation will be conducted by . (mediator) . and will be held at . (location and address).
3. The undersigned certifies that this matter has been agreed to by opposing counsel and that the parties agree and stipulate that they will remain bound by the terms of the order directing them to attend the mandatory state mediation.
WHEREFORE, the undersigned hereby requests an order of the court substituting the scheduled private mediation in the place and stead of the scheduled state mediation.
CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished to Counsel of Record, the parties at the above address if unrepresented and to private mediator .— by.(method of delivery) at .(address).on.(date).
Certifying Attorney
FORM 4.9087. ORDER AND NOTICE OF SUBSTITUTED PRIVATE MEDIATION
[For caption and style of pleadings see form 4.901.]
ORDER AND NOTICE OF SUBSTITUTED PRIVATE MEDIATION
In accordance with section 440.25(1), Florida Statutes, 2001, and Florida Rules of Workers’ Compensation Procedure 4.300 — 4.380, a substituted private mediation conference will be held before , mediator, in the above-styled case at:
DATE:
TIME:
PLACE:
1. The motion to substitute private mediation for the mandatory state mediation is granted. This private mediation may not be rescheduled except by order of the court.
2. THE FOLLOWING PEOPLE MUST ATTEND THE MEDIATION CONFERENCE:
A. petitioner;
*826 B. claims representative of the carrier/servicing agent, who must have full authority to settle the issues for which a petition was filed;
C. employer, if uninsured;
D. insured or self-insured employer, if the carrier/servicing agent does not have full authority to settle the issues for which the petition was filed; and
E. attorneys for the parties. ‘
3. The appearance of any attorney for a party does not dispense with the required attendance of the parties themselves.
4. No party may appear at 'the mediation conference by telephone unless such appearance is approved in advance by the mediator.
5. A party’s failure to attend the mediation conference without good cause shown or appearance without full authority to resolve the issues may subject the party to sanctions such as the judge of compensation claims shall deem appropriate and may include certification for contempt, dismissal of the petition, striking of defenses, and imposition of costs and attorney fees.
6. If the issues in dispute are not resolved within 10 days of the commencement of the mediation conference, the mediator will so notify the judge of compensation claims, and a pretrial hearing will be scheduled, with at least 7 days’ advance notice of the date, time, and place of the pretrial being mailed to the parties.
7. The terms and requirements of the original mediation notice and order governing the state mediation shall remain in full force and effect and the parties as
well as the mediator shall comply with the terms thereof. j
8. All other pending mediation conferences previously noticed are hereby canceled.
DONE AND ORDERED in chambers.
Judge of Compensation Claims I CERTIFY that the Order and Notice of Substituted Private Mediation Conference was served by.(method of delivery).on the parties, if.unrepresented, and counsel for the parties at the addresses written above and the private mediator at.(address).on.(date). !
Assistant to the Judge of Compensation Claims
FORM 4.910. UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
(a) Form for Pretrial Stipulation and Pretrial Compliance Questionnaire.
STATE OF FLORIDA DEPARTMENT OF-LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS
DISTRICT.(district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
(name).. (name)..
(address) (address)
*827 CLAIMANT: ATTORNEY FOR CLAIMANT:
.(name). .(name).
.(address). .(address).
EMPLOYER: ATTORNEY FOR EMPLOYER/ CARRIER:
.(name). .(name).
.(address). .(address).
CARRIER (SERVICING AGENT): CLAIM NUMBER:
.(name). DATE OF ACCIDENT:
COMMENT: Refer to rule 4.020(v) for the definition of petitioner/claimant.
UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
As authorized under Florida Rule of Workers’ Compensation Procedure 4.045, and as ordered by the judge of compensation claims, the parties provide the following information and make the following stipulations:
I.STIPULATIONS
1. Date of accident(s):
Claimant: -
E/C/SA: _
2. Place of accident(s) (or, if agreed, county/venue):
Claimant: -1-
E/C/SA: _
3. Final hearing scheduled: Mediation Date: -
Date: -
Time:-
Place: -
4. Employer/employee relationship on date of accident:
E/C/SA: (circle one) yes no
5. Workers’ compensation insurance coverage in effect on date of accident: E/C/SA: (circle one) yes no
6. Accident or occupational disease accepted as compensable:
E/C/SA: (circle one) yes no
7. Injuries or conditions accepted as compensable:
E/C/SA: (circle one) yes no
8. Timely notice of accident, injury, or occupational disease:
Claimant (date notice given): -
E/C/SA: (circle one) yes no
9. Timely notice of pretrial and final hearing:
Claimant: (circle one) yes no
E/C/SA: (circle one) yes no
*828 10. Jurisdiction of judge of compensation claims over the subject matter and parties:
Claimant: (circle one) yes no
E/C/SA: (circle one) yes no
11. Average weekly wage (AWW):
Claimant: (a) Base wage _
(b) Fringe benefits _
(c) Total _
(d) Compensation rate _
(e) 80% of AWW _
(f) Concurrent earnings _
E/C/SA: (a) Base wage _
(b) Fringe benefits _
(c) Total _
(d) Compensation rate _
(e) 80% of AWW _
(f) Concurrent earnings _
NOTE: If there is a dispute as to the AWW, each party shall attach copies of all relevant records, and the E/C/SA within 5 working days from the date of this stipulation should submit a wage statement. If there is a dispute as to the concurrent earnings, the claimant shall attach copies of all relevant records and submit a wage statement within 5 working days from the date of this stipulation.
12. Date(s) notice(s) of denial filed:
Claimant: date: _
date: _
date: _
E/C/SA: date: _
date: _
date: _
13. Maximum medical improvement, if reached, giving date, name of physician, and impairment rating:
Claimant: date: _
doctor:_
rating:_
E/C/SA: date: _
doctor:_
rating:_
14. If medical benefits under section 440.13, Florida Statutes, are determined to be due or stipulated due in this document, the parties agree that the exact amounts payable to health care providers will be handled administratively and medical bills need not be placed into evidence at trial.
Claimant: (circle one) yes no
E/C/SA: (circle one) yes no
15. Medical treatment authorized: _
16.Classification and periods of time for which benefits were paid:
*829 17. Date claim/petition for benefits filed with division:
Claimant:_
E/C/SA: (circle one) yes no
18. Attorney fees. Evidence as to amount by (circle one):
Claimant: affidavit hearing
E/C/SA: affidavit hearing
NOTE: If the amount is to be determined at a hearing, under rule 4.144 the verified petition for fees must be served 30 days before the hearing and the reply must be served within 20 days thereafter.
19. Other Stipulations: -
II. CLAIMS AND DEFENSES
1. Claimant: List each type, period, provider, and amount of benefits or other issues to be tried at the final hearing:
2. Employer/Carrier/Servicing Agent: List each defense or other issue to be tried at the final hearing: -
NOTE: THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THIS STIPULATION IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUES NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists and medical composites must be served on opposing parties and filed with the judge no later than_days before the final hearing. . Depositions should be filed (check one) _at the time of the final hearing or-days before the final hearing.
Attach additional pages as necessary to list all witnesses.'
Claimant’s Witnesses:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[[Image here]]
*830 Employer/Carrier/Servicing Agent’s Witnesses:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[ ] [ ] [ ] --
[ ] [ 1 [ ]--
[ ] [ ] [ ] --_-
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this form. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
Documentary Evidence Listed Below:
(a) Claimant
E/C/SA E/C/SA State
Disagrees Agrees Objection
(1)-
(2)-:_
(3)-
(b) Employer/Carrier/Servicing agent
E/C/SA E/C/SA State
Disagrees Agrees Objection
(1)-
(2)_
(3)-
3. Estimated time of final hearing. Note: judge of compensation claims normally allots_hours for a routine hearing.
Claimant: - E/C/SA: _ Total estimated time: _
THE OFFICE OF THE JUDGES OF COMPENSATION CLAIMS MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN _ HOUR(S).
4. Does either party request additional mediation? (circle one)
Claimant: yes no E/C/SA: yes no
5. Does either party agree to provide a court reporter? (circle one)
Claimant: yes no E/C/SA: yes no
Name of court reporter: _
IV. ATTORNEYS’ CERTIFICATE AND MOTION
We certify that we have personally discussed the pretrial stipulations and the issues raised by the petition and have been unable to resolve the issues.
Under section 440.29(4), Florida Statutes, we,.(names)., move into evidence all medical reports of authorized physicians exchanged at the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing. - Date: _
Claimant
Attorney for Claimant .(address). Date:
*831 .(telephone number)
Florida Bar No.
__ Date:
Employer/Carrier/Servicing Agent
__ Date: _
Attorney for Employer/Carrier/Servicing Agent
.(address).
.(telephone number).
Florida Bar No.
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rule of Workers’ Compensation Procedure 4.030(c) should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed and mailed, hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
V. PRETRIAL ORDER (optional)
1. All depositions that are to be considered by the judge and received into evidence must be filed
_days before the final hearing or
_at the time of the final hearing,
unless waived by the judge.
2. On the motion of one or more parties, all medical reports of authorized physicians treating health care providers exchanged at the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing and filed with the judge accordingly are admitted into evidence. All such medical composites shall be tabulated and indexed. The parties are urged to provide the judge with a single composite.
3. The above stipulations of the parties are accepted and approved by the undersigned.
4. The final hearing is scheduled as noted above.
DONE AND ORDERED in (city) .- ._, (county) ■■.= , Florida, on .(date) ; ^ chambers.
Judge of Compensation Claims
I CERTIFY that a copy of this stipulation was mailed, hand delivered, or delivered by facsimile machine'to the above-named parties and counsel on .(date).
Assistant to the Judge of Compensation Claims
(b) Form for Supplemental Stipulations and Final Witness List.
STATE OF FLORIDA DEPARTMEN-T-OF-LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS
*832 OFFICE OF THE JUDGES OF COMPENSATION CLAIMS DISTRICT (district number).
EMPLOYEE: ATTORNEY FOR EMPLOYEE:
. (name)... . (name)...
. (address). . (address).
CLAIMANT: ATTORNEY FOR CLAIMANT:
[If other than Employee.]
.(name). . (name)...
.(address). . (address).
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
. (name)... . (name)...
. (address). . (address).
CARRIER (SERVICING AGENT): CLAIM NUMBER:
DATE OF ACCIDENT: . (name).
. (address).
SUPPLEMENTAL STIPULATIONS AND FINAL WITNESS LISTS
The pretrial stipulation and pretrial questionnaire is hereby supplemented as follows:
I. STIPULATIONS
1. _ 2. __
II. WITNESSES AND EVIDENCE
1. The following additional witnesses will testify live, by telephone, or by deposition (check one only):
Claimant’s Witnesses:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[ ] [ ] [ ]_
[ ] [ ] [ ]_
[ ] [ ] [ ]_
Employer/Carrier/Servicing Agent’s Witnesses:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[ ] [ ] [ ]_
[ ] [ ] [ ]_
[ ] [ ] [ ]___
2. Additional Documentary Evidence Listed Below:
(a) Claimant
E/C/SA E/C/SA State
Disagrees Agrees Objection
(1)-
(2)-
(3)_
*833 (b) Employer/Carrier/Servicing agent
Claimant Claimant State Disagrees Agrees Objection
(1) ----- ---
(2) - — ---- ---
(3) -------- --—
_____ Date: _
Claimant
_Date:
Attorney for Claimant
.(address).
.(telephone number).
Florida Bar No.
_ Date:
Employer/Carrier/Servicing Agent
_ Date: _
Attorney for Employer/Carrier/Servicing Agent
.(address).
.(telephone number).
Florida Bar No.
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rules of Workers’ Compensation Procedure 4.030(c) should be completed before filing. If the "following optional order approving the stipulation is used, the certificate of service will be signed by and mailed, hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is approved and accepted.
DONE AND ORDERED in (city)-..; ....... =,..=■ --(county) ■ :,^.=.===^, Floridar-on ... (date) ... chambers.
Judge of Compensation Claims
I CERTIFY that a copy of this stipulation was mailed, hand delivered, or delivered by facsimile machine to the above-named parties and counsel on .(date).
Assistant to the Judge of Compensation Claims
Committee Notes
2000 Amendment. Brings the pretrial form into compliance with the relevant rules of procedure.
FORM 4.911. ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
(a) Settlements Under Sections 440.20(ll)(a) and (ee), Florida Statutes.
[For caption and style of pleadings, see Form 4.901.]
*834 ORDER FOR RELEASE FROM LIABILITY FOR ALL WORKERS’ COMPENSATION BENEFITS UNDER SECTION 440.20(ll)(a), FLORIDA STATUTES (49942001), FLORIDA STATUTES '
The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(a), Florida Statutes. Following review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(a), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer/carrier/servicing agent filed a written notice of denial within 120 days after the date of the injurythe employer receives notice of the injury.
4= — The payment-of attorney-fees as set forth-in the joint-petition and-stipuiatieB for settlement is supported by-the evidence and is in complianco with the require■ments-of-chapter 440, Florida Statutes.
54. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
66. There is a bona fide justifiable controversy as to the legal and medical compensability of the claimed injury or alleged accident.
¥6. The proposed settlement will definitely aid in the rehabilitation of the employee or otherwise is clearly in the best interests of all parties.
87. These findings are limited to matters included within the jurisdiction of the ¿judge of ©compensation ©claims under chapter 440, Florida Statutes. The undersigned ¿judge of ©compensation ©claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the ¿joint ^petition in this case.
IT IS ORDERED AND AD¿UDGED:
A. The joint petition and supporting stipulation for settlement are approved and the parties are ordered to comply with the provisions of those documents.
B. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury referred to in this order is fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND QRDERED in ©chambers-.
¿udge of Compensation Claims
*835 THIS IS TO CERTIFY that the above order was entered in the ©Office of the Judge of Compensation Claims and a copy was served by U.S. Mmail on each party and counsel at the addresses listed above on.(date).
Assistant to the Judge of Compensation Claims (b) Settlements Under Section 440.20(ll)(b), Florida Statutes (49942001).
[For caption and style of pleadings, see form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION UNDER SECTION 440.20(ll)(b), FLORIDA STATUTES (49942001)
The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(b), Florida Statutes. On review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
—The payment'of-attorney fees as seb-forth in the joint petition-and-stipulation for settlement is- supported by the evidence-and is in compliance-with-the-requ-ire-ments of chapter-440, Florida Statutes-.
§5. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
76. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
87. These findings are limited to matters included within the jurisdiction of the Jjudge of Ccompensation Cclaims under chapter 440, Florida Statutes. The undersigned Jjudge of Ccompensation Cclaims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Jjoint ^petition in this case.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the joint petition for settlement is approved and the parties are ordered to comply with its provisions.
B. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury referred to in this order is fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes. •
*836 DONE AND ORDERED in ©chambers-.
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the ©Office of the Judge of Compensation Claims and a copy was served by U.S. Mmail on each party and counsel at the addresses listed above on.(date).
Assistant to the Judge of Compensation Claims (c) Settlements Under Section 440.20(ll)(b), Florida Statutes (49942001), in which Right to Future Medical Benefits Is Left Open.
[For caption and style of pleadings, see form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION UNDER SECTION 440.20(ll)(b), FLORIDA STATUTES (49942001) RIGHT TO FUTURE MEDICAL BENEFITS LEFT OPEN
The parties jointly petition for an order approving a stipulation or settlement under section 440.20(1l)(b), Florida Statutes. On review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
—The payment-of-attorney fees as set forth- in the joint petition and stipulation for settlement is supported by the evidence-and-is in compliance wdth-the requirements of chapter 44Qy Florida Statutes.
65. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
76. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
87. These findings are limited to matters included within the jurisdiction of the Jjudge of Ccompensation Gclaims under chapter 440, Florida Statutes. The undersigned Jjudge of Ccompensation Gclaims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Jjoint ^petition in this case.
IT IS ORDERED AND ADJUDGED:
A. Approval. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with its provisions.
B. Release. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier *837 (servicing agent) for the payment or provision of any class of benefits except medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury referred to in this order is fully and forever discharged and released.
(Complete only one of the following two paragraphs; strike through the one that is not applicable.)
C. Limited Liability for Medical Benefits. The employer and its carrier (servicing agent) shall remain responsible for medical benefits due the employee on account of the industrial injury for_(months) (years) from the date of this order, after which the liability of the employer/(carrier)/(servicing agent) for any further medical benefits shall be fully and forever discharged and released without further order.
OR
C. Continuing Liability for Medical Benefits. The responsibility of the employer and its carrier (or servicing agent) for future medical expenses remains as . it now is for the time and in the manner provided by law.
D. Modification. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in chambers,-.
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the ©Office of the Judge of Compensation Claims and a copy was served by U.S. Mmail on each party and counsel at the addresses listed above on.(date).
Assistant to the Judge of Compensation Claims
(d) Settlements Under Sections 440.20(ll)(b) and (ee), Florida Statutes (49942001), in which Right to Compensation Benefits Has Been Settled Previously.
[For caption and style of pleadings, see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR MEDICAL BENEFITS PAYABLE UNDER SECTION 440.13, FLORIDA STATUTES, AS AUTHORIZED BY SECTIONS 440.20(ll)(b) and (ee), FLORIDA STATUTES (49942001)
The parties jointly petition for an order approving a stipulation for settlement under sections 440.20(1l)(b) and (ee), Florida Statutes (49942001), which permit settlement of all claims not previously settled regardless of the date of accident. On __ (date), an order was entered in this cause releasing the employer/carrier/ser-vieing agent from any further liability for indemnity benefits payable on account of disability; however, as required by the law in effect at the time, the employer/carrier/servicing agent continued to be liable to provide medical benefits to the injured employee. For promised additional consideration as set forth in the stipulation in support of the joint petition, the parties have now agreed to settle the employee’s (petitioner’s/claimant’s) right to receive any further medical benefits under the Florida Workers’ Compensation Law. On review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
*838 1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement of future medical benefits.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The additional consideration paid by the employer/carrier/servicing agent is adequate and reasonable to compensate the injured employee for releasing his or her right to future medical benefits and definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7= — The-paymsnt-of-attorney fees as set forth in the joint petition stipulation for settlement is supported by the evidence and is in-compliance with the requirements of chapter 440, Florida Statutes.
87. These findings are limited to matters included within the jurisdiction of the Jjudge of ©compensation ©claims under chapter 440, Florida Statutes. The undersigned Jjudge of ©compensation ©claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Jjoint Bp etition in this case.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with its provisions.
B. On payment of the additional consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of medical benefits under section 440.13, Florida Statutes, because of the industrial accident and injury referred to in this order is fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in ©chambers^.
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the ©Office of the Judge of Compensation Claims and a copy was served by U.S. Mmail on each party and counsel at the addresses listed above on.(date).
Assistant to the Judge of Compensation Claims
FORM 4.912. NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
STATE OF FLORIDA ■DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS
*839 OFFICE OF THE JUDGES OF COMPENSATION CLAIMS DISTRICT.(district number).
NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
TO:
APPELLANT
c/o, _
ATTORNEY FOR APPELLANT
APPELLEE
CLAIM NUMBER:
DATE OF ACCIDENT:
CASE NUMBER:
YOU ARE NOTIFIED that the cost of the preparation of the record in the above-styled cause is in the approximate sum of $-Please make cheek payable to_c/o the undersigned judge of compensation claims.
Your attention-is directed -to- Florida- Rule-of Workers’ Compensation Procedure <L180(e), which provides?
(eL-Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record. The judge shall also notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125.
(2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
(4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers’ Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
Your attention is called-further to section 440.25(5)(b),-Florida Statutes, and rule 4A8Q(f)(2) ^ -whichr-provides:
(£) Relief From Filing Fees and Costs: Indigency.
(21) Costs of Preparation of Record.
(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified *840 petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) below in a form substantially the same as form 4.9125.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed before the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by the appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the division, the offiee-of- general counsel of the department, and the clerk of the district court.
(F) Hearing on Petition to be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the judge may enter an order on the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
See also section 440.25(5)(b), Florida Statutes.
Judge of Compensation Claims
*841 I certify that a copy of this notice has been furnished to the appellant, appellant’s attorney, appellee, division, and the District Court of Appeal, First District, by mail on.(date).
Assistant to the
Judge of Compensation Claims
Editor’s Note: See Fla. R. App. P. 9.180(e)(5) and (g) which governs appeal procedures for review of workers’ compensation cases.
FORM 4.9125. FINANCIAL AFFIDAVIT IN SUPPORT OF VERIFIED PETITION FOR RELIEF FROM COSTS STATE OF FLORIDA
DEPARTMENT OF LABOR-AND EMPLOYMENT SECURITY
DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS
DISTRICT.(district number).
STATE OF FLORIDA, ATTORNEY FOR STATE:
DEPARTMENT OF LABOR AND .(name).
EMPLOYMENT SECURITY, .(address).
DIVISION OF WORKERS’
COMPENSATION
CLAIMANT: ATTORNEY FOR CLAIMANT
.(name). .(name).
.(address). .(address).
EMPLOYER: ATTORNEY FOR
.(name).. EMPLOYER/CARRIER/SERVICING
.(address) AGENT:
.(name).....
.(address).
CARRIER/SERVICING AGENT: CLAIM NUMBER:
.(name).
.(address). DATE OF ACCIDENT:
FINANCIAL AFFIDAVIT
STATE OF FLORIDA COUNTY OF.
BEFORE ME, this day personally appeared_, who being duly sworn, deposes and says that the following information is true and correct according to his/her best knowledge and belief:
ITEM 1: EMPLOYMENT AND MONTHLY INCOME
OCCUPATION: _
EMPLOYED BY: _
ADDRESS: _—
SOCIAL SECURITY NO: _
PAY PERIOD: _
RATE OF PAY:
*842 AVERAGE GROSS MONTHLY INCOME FROM EMPLOYMENT
Bonuses, commissions, allowances, overtime, tips, and similar payments
Business income from sources such as self-employment, partnership, close corporations, and/or independent contracts (gross receipts minus ordinary and necessary expenses required to produce income)
Disability benefits
Workers’ compensation
Unemployment compensation
Pension, retirement, annuity payments
Social Security benefits
Spousal support received from previous marriage
Interest and dividends
Rental income (gross receipts minus ordinary and necessary expenses required to produce income)
Income from royalties, trusts, or estates
Reimbursed expenses and in kind payments to the extent that they reduce personal living expenses
Gains derived from dealing in property (not including nonrecurring gains)
Itemize any other income of a recurring nature
TOTAL MONTHLY INCOME LESS DEDUCTIONS:
Federal, state, and local income taxes (corrected for filing status and actual number of withholding allowances)
FICA or self-employment tax (annualized)
Mandatory union dues
Mandatory retirement
Health insurance payments
Court-ordered support payments for children actually paid
TOTAL DEDUCTIONS
TOTAL MONTHLY INCOME
LESS TOTAL DEDUCTIONS
*843 NET MONTHLY INCOME $-
DOES ANYONE CONTRIBUTE TO YOUR INCOME OR HELP PAY YOUR EXPENSES (SPOUSE, ROOMMATE, ETC.)? YES _NO _____
IF ‘YES,” COMPLETE THE FOLLOWING:
Name of Contributor Relationship to Claimant Total Monthly Dollar Amount of Contribution
_ _ $
_ _ $
TOTAL $
AVERAGE MONTHLY EXPENSES ITEM 2: HOUSEHOLD:
Mortgage or rent payments
Property taxes and insurance
Electricity
Water, garbage, and sewer
Telephone
Fuel oil or natural gas
Pest control
Food and grocery items
Other:
AUTOMOBILE:
Loan payment
Auto tags and license
Insurance
Other
INSURANCE:
Health
*844 Life
Other:
OTHER EXPENSES NOT LISTED ABOVE:
TOTAL HOUSEHOLD EXPENSES:
PAYMENTS TO CREDITORS:
MONTHLY PAYMENT: TO WHOM: BALANCE DUE:
TOTAL MONTHLY PAYMENTS TO CREDITORS:
TOTAL MONTHLY EXPENSES:
SUMMARY OF INCOME AND EXPENSES:
TOTAL MONTHLY NET INCOME
MONTHLY CONTRIBUTION-OTHERS
SUBTOTAL
LESS TOTAL MONTHLY EXPENSES
BALANCE (+ OR-)
ITEM 3: ASSETS (If jointly owned, indicate your share and ownership interest of others.)
Description Value
Cash (on hand or in banks) $_
Stocks/bonds/notes $_
*845 Real estate:
Home $.
_ . $- Automobiles:
Make . Model Year Value
'{yy
Money held in escrow by your attorney on your behalf 'Z/V
Other personal property:
Contents of home
Jewelry vv
Life insurance/cash surrender value *
Other assets:
$-
$-
TOTAL ASSETS: $_
ITEM 4: LIABILITIES (if joint, allocate equally and indicate your share only) Creditor Security Balance
$-
$-
TOTAL LIABILITIES:
SUMMARY OF ASSETS AND LIABILITIES:
TOTAL ASSETS
LESS TOTAL LIABILITIES
NET WORTH
*846 AFFIANT/APPELLANT
SWORN TO and SUBSCRIBED before me on.(date)., by
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
Personally Known_OR Produced Identification_Type of Identification Produced_
CERTIFICATE OF SERVICE
I CERTIFY that a true and correct copy of the above Financial Affidavit has been furnished by_on.(date)., to:
Appellant/Appellant’s Attorney
FORM 4.915. UNIFORM SPECIAL DISABILITY TRUST FUND PRETRIAL STIPULATION, PRETRIAL COMPLIANCE QUESTIONNAIRE, AND ORDER
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS
DISTRICT.(district number).
EMPLOYER: ATTORNEY FOR
.(name). EMPLOYER/CARRIER:
.(address). .(name).
.(address).
CARRIER: CLAIM NO:
.(name). EMPLOYEE:
.(address). DATE OF ACCIDENT:
vs.
SPECIAL DISABILITY TRUST FUND
Uniform Special Disability Trust Fund Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order
As authorized under Florida Rules of Workers’ Compensation Procedure 4.025 and 4.045, and as ordered by the judge of compensation claims, the parties provide the following information and make the following stipulations:
FINAL HEARING SCHEDULED:
DATE:
TIME:
PLACE:
*847 NOTE: THIS IS THE ONLY NOTICE OF FINAL HEARING YOU WILL RECEIVE.
I.STIPULATIONS
Employer/Carrier SDTF
1. JURISDICTION OF THE PARTIES AND SUBJECT MATTER_
2. VENUE_
3. NOTICE OF REIMBURSEMENT FILED ON_
4. DATE OF DENIAL AND DATE OF , APPLICATION FOR HEARING_
5. PREEXISTING PERMANENT IMPAIRMENT (please specify) - -
6. THE EMPLOYER REACHED AN INFORMED CONCLUSION PRIOR TO THE INSTANT ACCIDENT THAT THE EMPLOYEE HAD A PHYSICAL IMPAIRMENT THAT WAS PERMANENT AND . WAS OR WAS LIKELY TO BE A HINDRANCE OR OBSTACLE TO EMPLOYMENT —
7. PERMANENT IMPAIRMENT AS A RESULT OF INSTANT ACCIDENT_
8. MERGER_
9. PAYMENT OF EXCESS_
II. CLAIMS AND DEFENSES
1. The E/C’s reasons why their claim should be approved. (State theory of merger and cite with specificity).
2.Type of reimbursement(s) to which E/C claims they are entitled. (Permanent total, permanent impairment, death, etc.) List:
A. Type of permanent benefits claimed for reimbursement.
B. Specify whether reimbursement is being claimed on medical and temporary benefits without permanent impairment.
C.Specify whether reimbursement is being claimed on medical and temporary benefits with permanent impairment.
3.The E/C’s issues to be decided by this court.
*848 4. The SDTF’s reason(s) for denying this claim (cite with specificity).
5. The SDTF’s issues to be decided by this court.
THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THIS STIPULATION IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUE NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists must be filed with the judge and served on opposing parties at'the time of the pretrial hearing or 30 days before the final hearing. All discovery must be noticed at least 21 days before the final hearing. Depositions and stipulated medical composites must be filed 48 hours before the final hearing.
Employer/Carrier:
Name & Address Depo Live Phone Of Witness Expected Area of Testimony Objection (if any)
[ ] [ ] [ ]_
[ ] [ ] [ ]_
[ ] [ ] [ ]_
Special Disability Trust Fund:
Name & Address Depo Live Phone Of Witness Expected Area of Testimony Objection (if any)
[ ] [ 1 [ ]_
[ ] [ ] [ ]_
[ ] [ ] [ ]_
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this compliance. Each party must indicate any documents NOT stipulated into evidence without sworn proof.
Documentary Evidence Listed Below:
Employer/Carrier:
SDTF SDTF State
Disagrees Agrees Objection
1. Medical Reports _ _ _
2. Special Disability Composite _ _ _
3. Prior Orders _ _ _
4. _ _ _ _
SDTF:
State E/C Agrees Objection E/C Disagrees
*849 1. _
2. _
3. _
4. _
3. Estimated time for final hearing:
E/C: _ SDTF: _
Total Estimated Time: _
IV. ATTORNEYS’ CERTIFICATE
We certify that we have personally discussed the pretrial stipulations and the issues raised by the claim and have been unable to resolve the issues.
Attorney for E/C Attorney for SDTF
Date: _ Date: -
.(address). .(address).
.(telephone number). .(telephone number).
Florida Bar No. Florida Bar No.
V. PRETRIAL ORDER
1. If done by mail, it is the responsibility of the E/C’s counsel to see that a single pretrial questionnaire is completed and executed by all counsel and filed with the judge before the time noticed for the pretrial hearing; otherwise, personal appearance by all counsel is mandatory.
2. All depositions or stipulated medical reports that are to be admitted into evidence must be filed with the undersigned judge 48 hours before the time of the final hearing to be considered and received into evidence.
3. If medical reports are stipulated into evidence, it shall be the responsibility of E/C’s counsel to file a tabulated and indexed medical composite.
4. All discovery must be noticed at least 21 days before the final hearing.
5. Witness lists must be filed with the judge and exchanged between the parties at the time of the pretrial hearing or 30 days before final hearing.
6. The above stipulations of the parties are accepted and approved by the undersigned.
7. The final hearing is hereby scheduled as noted above.
DONE AND ORDERED in ©chambers.
Judge of Compensation Claims
I certify that a copy of this stipulation was mailed or hand delivered to the above-named parties and counsel on.(date).
Assistant to the
Judge of Compensation Claims
FORM 4.916. UNIFORM PRETRIAL STIPULATION AND ORDER FOR PENALTY CASES
*850 STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS
DISTRICT.(district number).
STATE OF FLORIDA, ATTORNEY FOR STATE:
DEPARTMENT OF LABOR AND .(name).
EMPLOYMENT SECURITY, .(address).
DIVISION OF WORKERS’ COMPENSATION
CLAIMANT: ATTORNEY FOR CLAIMANT:
.(name). (name).
.(address). .(address).
Florida Bar No:.
ATTORNEY FOR EMPLOYER:
EMPLOYER/CARRIER .(name)..
.(name). .(address)
.(address).
CARRIER/SERVICING AGENT CLAIM NUMBER:
.(name).
.(address). DATE OF ACCIDENT:
Uniform Pretrial Stipulation and Order: Penalty Case
As authorized under Florida Rule of Workers’ Compensation Procedure 4.045, or as ordered by the judge, the parties provide the following information and make the following stipulations:
I.STIPULATIONS
1. Date of Accident:
E/C/SA_ State_
2. Date employee first notified employer of accident:
E/C/SA_ State_
3. Transmittal of form DWC-1, Notice of Injury, by employer to carrier or by carrier/servicing agent to state (to be completed by E/C/SA):
_(date) via fax to ()_ — _
_(date) via U.S. Mmail to_
_(date) via other method_
(explain):_
II. DEFENSES TO PENALTY ASSESSMENT ORDERS
1. State: Attach copies of all Penalty Assessment Orders.
2. Employer: Specify each defense to the state’s allegation that you failed to timely file form DWC-1, Notice of Injury, with your insurance carrier.
OR
*851 3. Carrier/Servicing Agent: Specify each defense to the state’s allegation that you failed to timely file form DWC-1, Notice of Injury, with the Department of Labor and Employment Security, Division of Workers’ Compensation.
III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists shall be served on opposing parties no later than 5 days before the final hearing. Depositions shall be filed 5 days before the final hearing.
Employer/Carrier/SA:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[ ] [ ] [ ]-
[ ] [ ] [ ]--
[ ] [ ] [ ]-
State of Florida:
Name & Address Objection
Depo Live Phone Of Witness Expected Area of Testimony (if any)
[ ] [ ] [ ]-
[ ] [ ] [ ]-
[ ] [ ] [ ]-
2. Attach copies of all documentary evidence to be used at the final hearing. Each party must indicate any documents NOT stipulated into evidence.
3. Documentary evidence NOT stipulated into evidence:
(a) Employer/earrier/servicing agent:
(1) -
(2) -
(3) -:-
(b) State of Florida:
(1) -
(2) -
(3) -
THE OFFICE OF THE JUDGE MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN 1 HOUR. THE JUDGE RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THIS STIPULATION IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL DEFENSE IS INSUFFICIENT. ANY ISSUES OR EVIDENCE NOT SPECIFICALLY RECITED IN THIS STIPULATION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN. _ Date: _
Employer/Carrier/Servicing Agent
_ Date:
Attorney for Employer/Carrier/Servicing Agent
.(name).
.(address).
*852 Florida Bar No.
_ Date: __
Attorney for State of Florida, Division of Workers’ Compensation
.(name).
.(address).
Florida Bar No. To be completed by the Employer/Carrier/Servicing Agent:
CERTIFICATE OF SERVICE
I certify that the original of this stipulation has been furnished to. (name) ., Department of Labor and Employment Security, Office of the General Counsel,.(address)., on.(date)
For Employer/Carrier/Servicing Agent
To be completed by the State of Florida:
CERTIFICATE OF SERVICE
I certify that the original and one copy of this stipulation has been furnished to The Honorable-, Judge of Compensation Claims, and a copy furnished to the Employer/Carrier/Servicing Agent as follows:
For State of Florida, Department of Labor and Employment Security
PRETRIAL ORDER
The above pretrial stipulations are approved and accepted. The State of Florida, Department of Labor and Employment Security, Division of Workers’ Compensation, shall schedule and file a notice of final hearing within 30 days from the date of this order.
Done and Ordered in ©chambers.
Judge of Compensation Claims
I certify that a copy of this stipulation and order was mailed or hand delivered to the above-named parties and counsel of record on . (date) .
Assistant to the
Judge of Compensation Claims
FORM 4.917. MOTION FOR APPROVAL OF ATTORNEY’S FEE AND ALLOCATION OF CHILD SUPPORT ARREARAGE FOR SETTLEMENTS UNDER SECTION 440.20(ll)(c), (d), and (e), FLORIDA STATUTES
[For caption and style of pleadings see form 4.901]
*853 MOTION FOR APPROVAL OF ATTORNEY’S FEE AND ALLOCATION OF CHILD SUPPORT ARREARAGE FOR SETTLEMENTS UNDER SECTION 440.20(ll)(c)-(e), FLORIDA STATUTES
1. The parties have reached a settlement agreement arising out of the above captioned industrial accident(s).
2. Pursuant to the contract of representation, the employee has agreed to pay his/her attorney a fee for services rendered in obtaining this settlement.
3. The total amount of the settlement is $ . _ ^.— The employee agrees to pay and counsel agrees to accept the sum of $ .. which is within the statutory percentages set forth in section 440.34, Florida Statutes. The employee’s net settlement after fees will be $ _ ... less any costs that may be payable.
4. The employee understands that he/she may request a hearing to determine a reasonable fee to be paid under the circumstances of this case. The employee waives his/her right to a hearing on this issue.
5. According to the attached information, there is an outstanding child support arrearage of $ . (If there is no arrearage, enter “0”) The employee agrees that the sum of $ shall be withheld from the settlement proceeds and paid directly to the proper authorities. (Statement regarding whether employee’s attorney or carrier is paying the child support arrearage from settlement.)
WHEREFORE, the Employee and the undersigned counsel request this court enter an order approving the attorney’s fee to be paid from the settlement proceeds and the resolution of the child support arrearage against this settlement.
Dated this day of ,
Employee Counsel of Record
CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by. (method of delivery) . to counsel of record and the parties at the above address if unrepresented on.(date)
Certifying Attorney
FORM 4.918. ORDER FOR ATTORNEY’S FEE
STATE OF FLORIDA DIVISION OF ADMINISTRATIVE HEARINGS OFFICE OF THE JUDGES OF COMPENSATION CLAIMS DISTRICT.(district number).
CLAIMANT/PETITIONER: ATTORNEY FOR CLAIMANT/PETITIONER:
EMPLOYER: ATTORNEY FOR EMPLOYER/CARRIER:
CARRIER/SA: CLAIM NO:
DATE OF ACCIDENT:
*854 ORDER UNDER SECTION 440.20(ll)(c)-(e), FLORIDA STATUTES
Pursuant to section 440.20(ll)(c)-(e), Florida Statutes, the parties have entered into a settlement agreement. After reviewing the attached documentation, the undersigned .judge finds that:
1. The amount of attorney’s fee as evidenced in the attached Attorney Fee Data Sheet and supporting documentation meet the requirements of the Workers’ Compensation Law.
2. The settlement allocation provides for the appropriate recovery of child support arrearages, if any exist, as evidenced by the supporting documentation.
3. The attorney’s fee shall not be subject to modification.
It is ORDERED and ADJUDGED that the attorney’s fee and child support arrearage allocation paid under the settlement agreement is approved.
DONE and ORDERED in chambers.
Judge of Compensation Claims
This is to certify that the above order was entered by the judge of compensation claims and a copy was served by U.S. mail on each party and counsel at the addresses listed above on.(date).
Assistant to Judge of Compensation Claims

. We recognize that subsection (4) of section 440.45, Florida Statutes (2001), “Office of the Judges of Compensation Claims," charges the Office of the Judges of Compensation Claims with "adopting] rules to effect the purposes of this section” and provides that "[t]he workers' compensation rules of procedure approved by the Supreme Court apply until the rules adopted by the Office of the Judges of Compensation Claims pursuant to this section become effective.”